LAURA A. GOODRICH *et al.*

*v.*

MARTIN B. THOMPSON, Admr.

PRACTICE—*application to set aside sale — no evidence in the record.* In the absence from the record of any evidence in support of an application to set aside a sale had under a decree of foreclosure, for certain alleged irregularities therein, the decision of the court below denying the application will be affirmed. In such case it will be presumed no testimony was heard.

APPEAL from the Circuit Court of Ford county.

On the 1st day of August, 1874, Martin B. Thompson, administrator, exhibited his bill in chancery in the court below, against Laura A. Goodrich, Robert Frew and Calvin H. Frew, for the foreclosure of a mortgage. At the April term, 1875, of that court, a decree *pro confesso* was entered against the defendants, and a sale of the mortgaged premises was ordered to be made by the master in chancery. The master sold the premises, in obedience to the decree. Subsequently, the defendants presented to the judge, in vacation, a petition, asking that the master be directed not to convey the premises to the purchaser, and that the sale be set aside, alleging that two of the defendants against whom the default had been taken in the foreclosure suit had never been served with process, nor entered any appearance therein. The petitioners also alleged various irregularities in the conduct of the sale by the master. The opinion discloses the result of the application.

Mr. CALVIN H. FREW, for the appellants.

Mr. J. R. KINNEAR, for the appellee.

Per CURIAM: Petitioners made an application to the judge of the circuit court, in vacation, to have set aside the sale of certain lands that had been made under a decree of foreclosure. On the hearing, at chambers, the judge denied the prayer of

the petition, but continued the matter to the next succeeding term of court, when a formal order was entered of record dismissing the petition. There was no error in that decision.

It does not appear petitioners offered any evidence to sustain the allegations of their petition, nor did they ask any further time to present evidence. There was, therefore, nothing the court could do but to dismiss the petition, as was done. If any evidence was, in fact, offered to sustain the petition, it was the duty of petitioners to preserve it in the record; otherwise, this court will presume none was submitted.

In this view of the case, it is immaterial whether there is, or was, any certificate of evidence, or bill of exceptions preserving the affidavits it is alleged were submitted in opposition to the petition, and we need not remark upon the motion made in this court to strike out the amended record.

The decree will be affirmed.

*Decree affirmed.*