FRANK F. COLE

v.

ELEANOR L. COLE.

*Divorce—Alimony—Adultery after Divorce.*

1. Adultery of the wife after divorce is no ground for vacating a previous order allowing her permanent alimony.

2. The authority of a court to vacate the order for alimony can not be questioned, upon a showing of sufficient cause.

[Opinion filed April 21, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. A. B. JENKS and D. T. DUNCOMBE, for appellant.

Mr. HENRY M. PIERCE, for appellee.

GARY, P. J.   September 20, 1884, a decree for a divorce was entered in the Superior Court in favor of appellee against the appellant, and by a subsequent order, $50 per month alimony was allowed to be paid by him to her, commencing June 1, 1885.   October 27, 1887, he filed in that court a petition stating that he paid $200 of such alimony, and asking that the order be vacated because when, and ever since it was entered, she had been constantly guilty of adultery.   She demurred, the court sustained the demurrer, and his petition was dismissed.

The authority of the court to vacate the order for alimony can not be questioned, if there be cause to do so.   Sec. 18, Ch. 40, " Divorce;" Stillman v. Stillman, 99 Ill. 196.

But the divorce puts the parties in the position of strangers to each other, as to their moral conduct thereafter.   Her claim on him under the order of alimony is merely pecuniary, not to be affected by her vice or virtue, any more than if the recurring sums for alimony were installments upon a land purchase. This does not seem to be a very sentimental view of the relations of the parties, nor is it characterized by a very high moral tone, but it is the result of the authorities. ' 2 Bish. M. and D. Sec. 478;  Cross v. Cross, 63 N. H. 444.

New permanent means of support, by re-marriage, are held in the case in 99 Ill. to be cause for vacating such an order, and support by a paramour, was held in Holt v. Holt, 1 L. R. P. and D. 610, to be an answer to an application by a wife defending, for temporary alimony, while it continued, but not after it ceased.

The order or decree dismissing the petition is affirmed.

*Decree affirmed.*