# Frank F. Cole v. Henry Littledale, Administrator.

1. Bills of Review—*Leave to File.*—Leave to file a bill of review is not of right but of discretion.

2. Same.—*For Newly Discovered Evidence.*—The application for leave to file a bill of review for newly discovered evidence is analogous to a motion at law for a new trial for the same cause. It would seem that the same principles should apply and the petition should be supported by affidavits of the witnesses by whom it is proposed to prove the facts relied on or some excuse for not obtaining them.

3. Same—*Practice as at Law.*—On a bill filed for a new trial at law, the court of chancery acts as a court of law would upon such a motion.

**Bill of Review.**—Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

Zach. Hofheimer, attorney for appellant.

Consider H. Willett, attorney for appellee.

A bill of review will not lie upon a decree to pay money until the money is paid. Horner v. Zimmerman, 45 Ill. 41, 21; 3 Daniell's Ch. Pr. (Perkins' 1st Am. Ed.), Sec. 1730; Lube, Eq. Pl., 179; Foreman v. Stickney, 77 Ill. 875; Kuttner v. Haines, 135 Ill. 385; Bruschke v. N. Chi. Schuetzen Verein, 145 Ill. 446.

If the decree is for the payment of money the party must pay it or give security, although it should afterward be ordered to be refunded. Lube, Eq. Pl., 139; Staling v. Goodbe, 3 Murphey 159; Taylor v. Pusen, 2 Hawk. 298.

The proper practice is to make a motion to strike the bill of review from the files because the money due under the decree has not been paid, otherwise—as by a demurrer to the bill of review—this right is waived. Griggs v. Gear, 3 Gilm. 3.

A second bill of review will not lie to review a decree on the prior bill of review to which a demurrer had been sustained. Strader v. Byrd, 7 O. 184.

A party can not bring a bill of review after a demurrer

has been filed to the former bill of review.  3 Daniell's Chan. Pr., Perkins' Ed., Sec. 1725; Story's Eq. Pl., Sec. 418; Mitford, Eq. Pl., Sec. 88;  Cooper, Eq. Pl., Sec. 92.

It is indispensably necessary to the sufficiency of a bill of review that a copy of the bill, answer, replication and decree in the proceedings sought to be reviewed should be given; a synopsis of the papers is not sufficient.  Cox v. Lynn, 138 Ill. 195–204; Turner v. Berry, 3 Gilman 544; Gardner v. Emerson, 40 Ill. 299; Judson v. Stevens, 75 Ill. 255; Goodrich v. Thompson, 88 Ill. 207; Holtz v. Durfee, 122 Ill. 286; Cutter v. Haines, 135 Ill. 382; Bruschke v. Der Nord, etc., 145 Ill. 433.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellee is the administrator of Elenora L. Cole, who had obtained a divorce from the appellant.  The history of that divorce, and some subsequent proceedings, may be found, so far as is necessary for the present controversy, in Cole v. Cole, 35 Ill. App. 544, and 142 Ill. 19.

October 14, 1895, the appellant filed in the Superior Court the petition now to be considered, in which he alleged and prayed—we copy from the abstract :

" That petitioner, in his answer to said bill of divorce, alleged the gross misconduct of the complainant, Elenora L. Cole, and averred that she had been guilty of repeated acts of adultery with persons unknown to petitioner; that upon hearing of said cause the petitioner was unable to establish said charges; that petitioner made diligent and repeated efforts to produce before the trial court the necessary testimony to establish his charges, but, owing to circumstances over which he had no control, he was unable to properly present the acts of misconduct and adultery of said Elenora L. Cole.   That since the rendition of the decree, petitioner has discovered new matter of consequence; particularly, that almost immediately after his marriage with the said Elenora she committed the act of adultery with a number of persons, and was in the habit of frequenting certain

assignation houses in the city of Chicago and also certain hotels in said city, where she was guilty of specific acts of adultery during the pendency of said suit, to wit, from shortly after the filing of the said bill until the rendition of the decree. Notwithstanding the exercise of all reasonable diligence, petitioner could not have obtained said testimony to make use thereof in the case, previous to the announcing of said decree. That since the rendition of the said decree, petitioner has been unremitting in his efforts to set aside and vacate the decree; that recently, to wit, within the past three months, petitioner has ascertained the details of the said Elenora L. Cole's misconduct, during the pendency of this case and up to the rendition of the decree. That petitioner is advised that if said newly discovered facts could have been presented on the hearing of said case, it would have operated as an effectual bar to the decree entered in favor of said Elenora, and would have enabled petitioner to have obtained a decree in his favor annulling his marriage with the said Elenora, and that the decree for alimony in her favor is erroneous and ought to be reversed, and avers that it ought to be set aside by reason of the facts above stated. That said Elenora L. Cole was not entitled to a decree in her favor as she was then guilty of adultery unknown to the petitioner. That during the pendency of the said cause, and prior to the rendition of the said decree, said Elenora L. Cole practiced upon said court a fraud in representing that she had been a chaste and dutiful wife, whereas in fact, she had been guilty of repeated acts of adultery. For all of which errors and imperfections aforesaid, the petitioner is desirous of bringing this, his bill of review, to be relieved in the premises, praying for leave to file bill of review against the said Elenora L. Cole, vacating the decree of alimony and permitting petitioner to produce the necessary evidence establishing the adultery of the said Elenora L. Cole during the pendency of said cause and before the decree was rendered herein."

It is not necessary to make a display of learning on such a petition. Vexed questions as to when the performance of the decree is a condition precedent—when evidence is

cumulative—what diligence is required—will not be considered.

Dexter v. Arnold, 5 Mason, 303, contains enough to dispose of it.   Leave to file a bill of review, is not of right, but of discretion (p. 315), and this petition is open to all the objections made by Judge Story to the petition in that case, as shown on pages 319 and 320.   This petition gives no names of witnesses—no statement of specific acts to which anybody will testify—nothing by which the discretion of the court is to be guided.   The application for leave to file a bill of review for newly discovered evidence, is analogous to a motion at law for a new trial for the same cause.

It would seem that the same principles should apply, and that the petition "should be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied on, or show some excuse for not obtaining them." Emory v. Addis, 71 Ill. 273; Cowan v. Smith, 35 Ill. 416.

On a bill filed for a new trial at law, the court of chancery acts as a court of law would upon such a motion. Yates v. Monroe, 13 Ill. 212.

It would be a strange inconsistency for a court of chancery to permit a retrial of matters determined by itself, for less certain showing of reason therefor than it would require if the determination were by some other tribunal.

The order striking the petition from the files is affirmed.

There are some irregularities in the record as to the award of executions.

By an order of April 3, 1893, one quarter of the accrued alimony was adjudged to belong to one Latham, and that he " have judgment and execution therefor."

November 9, 1895, the court ordered execution for the whole arrears to issue in favor of the appellee.

It is assigned as error that the court erred in the latter order.   We do not find that to be error, but to guard the appellant against double payment, no doubt on his application, the court will make such an order for bringing the money into court—if it can be collected —as will protect him.   Affirmed.