### FRANK F. COLE

*v.*

### HENRY LITTLEDALE, Admr.

*Filed at Ottawa January 19, 1897.*

1. REVIEW—*when leave of court to file bill of review is necessary.* Where the ground alleged for the review of a decree in chancery is newly discovered evidence, it is necessary to apply to the court for leave to file the bill.

2. SAME—*allowance of bill of review is discretionary.* Allowing a bill of review to be filed by reason of newly discovered evidence rests in the sound discretion of the court, and leave may be refused for any satisfactory reason.

3. SAME—*review of divorce proceedings after wife's death properly refused.* A bill by a husband to review proceedings wherein his wife had obtained a divorce and alimony, on the ground of newly discovered evidence of the wife's adultery, filed after the wife's death, without leave of court, against her administrator more than ten years after the decree was granted, is properly dismissed.

4. SAME—*limitation the same for review as for writ of error.* A bill of review is in the nature of a writ of error, and courts of chancery ordinarily apply the same limitation to both.

5. SAME—*one seeking a review must show performance of the decree.* A husband seeking a review, on the ground of newly discovered evidence, of proceedings wherein his wife obtained a divorce and an allowance of alimony, must show performance of the decree as to alimony, or some valid excuse or inability, before he is entitled to leave to file the bill of review.

*Cole* v. *Littledale*, 63 Ill. App. 490, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

ZACH HOFHEIMER, for appellant.

CONSIDER H. WILLETT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On September 29, 1884, Eleanor L. Cole obtained a decree of divorce from appellant in the Superior Court of Cook county on a charge of extreme and repeated cruelty toward her, and upon a further hearing that court, on May 20, 1885, decreed alimony to her in the sum of $50 per month. On October 27, 1887, appellant filed his petition to vacate and set aside the decree for alimony on account of newly discovered evidence of adultery by said Eleanor L. Cole, which he alleged he was unable to obtain at the time of the decree. A demurrer was sustained to that petition and it was dismissed. The dismissal was affirmed by the Appellate Court and this court. (*Cole* v. *Cole*, 35 Ill. App. 544; *Cole* v. *Cole*, 142 Ill. 19.) Eleanor L. Cole afterward died, and on October 30, 1893, appellee, as her administrator, was substituted in the suit. On October 14, 1895, appellant filed a paper verified by him, setting up substantially the same matters contained in the petition filed in 1887, and asking to have the decree for alimony reviewed, reversed and set aside. Appellee filed his motion to strike this paper from the files,

and on a hearing of the motion the court ordered that unless appellant should bring into court, within ten days, $5855.35,—the amount due under the decree,—to await the event of the bill of review, the petition for such bill of review should be stricken from the files. The money not being brought into court the paper was stricken from the files. The action of the Superior Court has been approved by the Appellate Court.

The ground alleged for asking a review of the decree being newly discovered evidence, it was necessary to apply to the court for leave to file the bill of review. (*Griggs* v. *Gear*, 3 Gilm. 2.) The paper in question begins as a petition and is sworn to as such, but it concludes as a bill of review, with a prayer for summons and answer, and that the decree may be reviewed, reversed and set aside. In the motion to strike it off the files it is called a bill of review, and in the order striking it off it is called a bill of review or petition for leave to file a bill of review. But whatever the paper could be called, it was properly stricken from the files.

Allowing a bill of review to be filed by reason of newly discovered evidence rests in the sound discretion of the court, and leave may be refused for any satisfactory reason. (*Griggs* v. *Gear*, *supra*.) In this case Eleanor L. Cole, against whom the charge was made and who knew the facts, had died, so that her testimony and aid in meeting it were lost. The records showed that appellant knew the alleged facts when he filed his petition in her lifetime, in 1887. If he had desired to file a bill of review he should have asked leave then. There was very great danger of injustice being done if the decree should be opened after her death and such lapse of time.

Again, a bill of review is in the nature of a writ of error, and ordinarily courts of chancery apply the same limitation to such a bill as the statute fixes for a writ of error. (*Lyon* v. *Robbins*, 46 Ill. 276; *Sloan* v. *Sloan*, 102 id. 581.) The petition in this case was filed more than

ten years after the decree was entered, and no reason is given for taking the case out of the usual rule. There is no excuse for the delay.

It is also necessary to perform the decree, or show some valid excuse or inability, before leave to file a bill of review will be granted. (*Griggs* v. *Gear, supra; Horner* v. *Zimmerman*, 45 Ill. 14; *Bruschke* v. *Nord Chicago Schuetzen Verein*, 145 id. 433; *Judson* v. *Stephens*, 75 id. 255.) In this case the decree was not performed nor any excuse or inability alleged. The court leniently gave time for performance, but the privilege was not availed of.

Considered as a bill of review, the paper filed was wholly insufficient in not fully setting out or stating the original bill and proceedings thereunder. A mere synopsis of what the pleader regards as the substance of the proceeding sought to be reviewed is not sufficient. *Judson* v. *Stephens, supra; Bruschke* v. *Nord Chicago Schuetzen Verein, supra; Goodrich* v. *Thompson*, 88 Ill. 547; *Axtell* v. *Pulsifer*, 155 id. 141.

It is objected that the court had given to the attorney for Mrs. Cole a judgment against appellant for twenty-five per cent of the alimony, under a contract by her to give the attorney that per cent of what he could recover, for his services, and that, if the decree stands, appellant is liable to pay twenty-five per cent of it twice. There was an order made as between the administrator and the attorney, but the appellant was not a party to it. There was no notice to him nor appearance by him. The court found that the contract was an equitable assignment to the attorney of twenty-five per cent of the alimony, but there is nothing in that order which endangers appellant's rights or under which he could be required to pay the decree or any part of it twice.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*