## John M. Daugherty v. Ella Daugherty.

1. ALIMONY—*Effect of Being in Contempt of Decree.*—A court of equity may properly deny the relief prayed for in a petition to vacate a decree for the payment of alimony until the petitioner has paid up all alimony due under such decree or by his petition has offered to show facts that would render him unable to do so.

2. SAME—*Not Changed on Account of Facts Existing when Decree was*

*Rendered.*—In the absence of fraud in procuring the decree, a court at a subsequent term is powerless to alter or modify an allowance of alimony in a decree for divorce upon the conditions existing at the time the decree was entered.

3. EQUITY PLEADING—*Facts Constituting Fraud Should be Stated.*—A petition to vacate an allowance of alimony alleged that the defendant had fraudulently concealed from the plaintiff that she had committed adultery before the decree was entered and after the marriage, but set up no facts constituting the fraudulent concealment. *Held*, that a demurrer to the petition was properly sustained.

4. BILLS OF REVIEW—*On Account of Newly-Discovered Evidence*—*Diligence.*—A bill of review may be brought upon the discovery of new matter, but the matter must be not only new, but such that the party could not by the use of proper diligence have known of it before the former hearing, and diligence in this regard must be averred and proven before a court will vacate a decree entered at a prior term.

**Petition,** for modification of decree allowing alimony. Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 13, 1897.

HAMILTON & WOODS, attorneys for appellant.

Alimony decrees are usually subject to modification and the control of the court even after final decree and after the term at which they were rendered. Works on Courts & Jur. 516; Ewing v. Ewing, 24 Ind. 468; Ex parte Cottrell, 59 Cal. 417.

Almost all the States have some statutory provision giving courts power to change decrees for alimony, but they vary greatly in the terms used. Some are only declaratory of the common law, as in Iowa; while in our own State, and in many others, the power is much broader. Chap. 40, Sec. 18, R. S. 1874, gives the court " ample power to declare the termination of all alimony," in a proper case, as was held in Lennahan v. O'Keefe, 107 Ill. 625, and in Cole v. Cole, 142 Ill. 23.

Alimony is an allowance for the nourishment of the wife, resting in discretion, variable and revocable. It is therefore essentially temporary, conditional and dependent. And a judgment for alimony upon divorce, whether *a vinculo* or a *mensa et a thoro*, remains under the statute, as it

did in the ecclesiastical courts, "subject to the continuing authority of the court over it to be exercised from time to time." Bacon v. Bacon, 43 Wis. 203.

Under a statute similar to ours, the court in Wisconsin held that the tribunal which decrees a divorce can not by any form of judgment then rendered with reference to alimony, deprive itself of the authority given it by statute to revise such judgment. Campbell v. Campbell, 37 Wis. 219; Coad v. Coad, 41 Wis. 23; Thomas v. Thomas, 41 Wis. 229; Guenther v. Jacobs, 44 Wis. 354; Kempster v. Evans, 81 Wis. 253.

J. F. CARROTT, attorney for appellee.

The jurisdiction of the court over alimony is statutory, and can not be extended beyond the statute authority. Perkins v. Perkins, 16 Mich. 162.

Alimony is measured by needs of wife and ability of husband. Provision should, so far as possible, make a sure reliance for wife. Wheeler v. Wheeler, 18 Ill. 39.

Allowance of alimony is discretionary with trial court in view of all the circumstances. Jolliff v. Jolliff, 32 Ill. 527.

The chancellor who renders a decree for divorce and alimony, has knowledge of the parties and their differences and contentions and of a variety of circumstances which an Appellate Court can not so well know and has superior advantage to determine justly between them as to alimony. Craig v. Craig, 64 Ill. App. 48; Graves v. Graves, 108 Mass. 314; Ayres v. Ayres, 142 Ill. 374; Umlauf v. Umlauf, 27 Ill. App. 375.

In making any order respecting alimony, the court takes into consideration the property and capacity, or, in the phrase of the English ecclesiastical courts, "the faculties" of the husband at the time, although acquired since the original decree. Graves v. Graves, 108 Mass. 314.

The original decree for divorce and alimony, rendered January 6, 1896, is res judicata as to all matters existing at the time it was rendered. The estoppel extends to all matters properly before the court which the parties might

have litigated.    Petersine v. Thomas, 28 Ohio St. 596; Cole v. Cole, 142 Ill. 19; 2 Nelson on Div. and Separaticn, Sec. 934; 2 Bishop on Marr. and Div., Sec. 429.

The right to alimony having been once adjudicated by the court, the only inquiry was as to the ability of appellant to pay it.    Alexander v. Alexander, 20 D. C. 552, 20 Wash. L. Rep. 443.

The amended petition filed herein makes no attempt to show a change in the pecuniary condition of the parties or the inability of the appellant to pay said alimony, and therefore the appellant, as to alimony, is bound by the decree.    A petition which does not aver a changed condition of the parties, is demurrable.    Reid v. Reid, 74 Iowa, 681.

An order allowing temporary alimony in a proceeding in which the petition alleges no change of circumstances, is erroneous.    Blythe v. Blythe, 25 Iowa, 266.

" The court should be very slow, under any circumstances, to revise or alter the former decree, and the application for the modification of an allowance should not be granted unless it appears that the changed circumstances of the parties render the modification necessary."    2 Amer. and Eng. Enc. of Law (2d Ed.) 137; Foote v. Foote, 22 Ill. 425; Johnson v. Johnson, 125 Ill. 520.

The change of circumstances must have occurred since the original decree.    Reid v. Reid, 74 Iowa, 681.

Change of allowance of alimony at a subsequent term will not be made on facts existing at the time of the decree. Cole v. Cole, 142 Ill. 19.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

On June 4, 1895, John M. Daugherty, the appellant, filed his bill in the Circuit Court of Adams County, Illinois, against Ella Daugherty, the appellee, charging that they were married on June 3, 1874, and thereafter lived together as husband and wife until April 1, 1892, at which time she willfully deserted him, without any reasonable cause, and for more than two years thereafter, and before the filing of

said bill, had continued such desertion; and praying for a decree of divorce. The cause was continued to the October term, 1895, of said court for want of service.

On November 4, 1895, appellee filed her answer, admitting substantially all the averments of said bill, except the said two years of willful desertion without any reasonable cause, which averment she denied.

On November 8, 1895, appellant filed his general replication to said answer.

On January 6, 1896, at said October term, 1895, a hearing was had and a decree rendered in said cause, finding all the material averments of said bill to be true; that appellee was guilty of desertion in manner and form as charged; granting a divorce under said bill; but ordering appellant to pay to appellee alimony in the sum of $200 during each year, " until the further order of this (Circuit) Court, commencing on the first day of January, 1896, and payable quarterly in advance until the further order of the court." On January 11, 1896, said Circuit Court for said October term, 1895, adjourned *sine die*.

On April 8, 1896, at the March term, 1896, of said court, on petition and motion of appellee, the said cause was redocketed, and appellee obtained an order of said court upon appellant to show cause why he should not be attached for contempt in failing to pay the installment of alimony, under said decree due April 1, 1896. Appellant, on April 9, 1896, answering said order for cause, showed that after the adjournment of said court, at the term during which the said final decree for divorce and alimony was rendered, he had learned of the adultery by appellee, committed before said decree was made and of which he was, at the time of the hearing of said divorce case ignorant; and that he has not paid the installment of alimony becoming due April 1, 1896, for the reason that he understood that the proof of such adultery would be a good reason for the termination of such alimony. At the same time, appellant filed a petition for a modification and annullment of said decree, with respect to alimony.

On May 14, 1896, said cause was continued to the June term, 1896. At said June term leave was given to appellant to amend said petition for a modification of the alimony decree, which amendment was made. At the same term, leave was given to appellant to amend his amended petition aforesaid, and on July 13, 1896, the said court adjourned *sine die.*

On October 15, 1896, appellant filed his secondly amended petition for modification of said alimony decree, showing the marriage, the decree of divorce and alimony as aforesaid; that appellant had $2,000 less property than when he married appellee, and had obtained no property from her, as a result of said marriage, either as joint accumulation or otherwise; that no evidence, proving or tending to prove, that appellant had obtained any property from appellee in any way was ever offered upon the hearing, at which said decree was rendered, nor was it even claimed or pretended by or on behalf of appellee, upon such hearing that such was the fact; that after said marriage and before said decree, appellee had committed adultery with one Samuel Daugherty on at least two occasions, as shown by affidavits of Barney Wyatt and of Willian D. McKenzie; all of which was carefully concealed from appellant until some time in March, 1896, and long after the adjournment of said court, at the term during which said decree was rendered; that until long after the adjournment of said court, at the term last aforesaid, appellant, in good faith, believed that appellee was a good, pure and virtuous woman; that no proof was offered upon said hearing, proving or tending to prove any adultery by appellee, nor did appellant have even an intimation that she was guilty of adultery until the term of said court, at which the hearing occurred, was long past; and praying for an order of said court modifying the said decree, with respect to alimony.

On November 7, 1896, appellee demurred to said secondly amended petition, for want of equity therein, which the court on January 5, 1897, sustained, and denied the relief prayed for, dismissed the secondly amended petition out of

said court, and adjudged the costs in that behalf against appellant. From that decree appellant prayed and was allowed an appeal to this court.

ERRORS ASSIGNED.

1.   " The court erred in sustaining the demurrer of said defendant to the said secondly amended petition of said petitioner for modification of alimony, and in denying the relief. therein prayed, and in dismissing the said secondly amended petition."

2.   " The court erred in not overruling the demurrer of said defendant to the said secondly amended petition of said petitioner, for modification of alimony, and in not granting the relief prayed for in said secondly amended petition."

3.   " The court erred in entering and rendering the said decree, and in sustaining, and in not overruling, the said demurrer of said defendant to the secondly amended petition for modification for alimony aforesaid, and in denying, and in not granting, the relief in manner and form as prayed in said secondly amended petition, and in dismissing the said secondly amended petition, and in adjudging that the said petitioner should pay the costs in that behalf."

The order and decree appealed from in this case was made as a result of a proceeding instituted in the court below by appellee to compel appellant to pay an installment of alimony due from him on April 1, 1896, as provided in a decree of divorce between these parties rendered at a former term of that court, said decree having been procured upon the application of appellant; and while it does not appear, in the petition of appellant demurred to, that appellant had not paid this installment of alimony due April 1, 1896, yet it does appear in his answer, filed to the order of court to show cause, etc., that he was in default in its payment; therefore it was not error in the court below to deny him relief, on his petition to vacate so much of said decree as provided for the payment of alimony, until he had paid up all alimony due under said decree, or by his petition offer to show facts that would render him unable to pay same. Cole v. Littledale, Adm'r, 164 Ill. 630.' In the recent case of

Craig v. Craig, 163 Ill., at page 181, the court says: "The statute (Chap. 40, Sec. 18) provides that where a divorce has been decreed, the court may, on application, from time to time make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall seem reasonable and proper. The statute does not prescribe in what manner the application for alterations in the decree shall be made; ordinarily it would be by petition. * * * It is not, however, indispensable that there should be a formal application therefor by petition. Upon a petition of a beneficiary under a decree for the equitable assistance of the court in the collection of alimony, the whole subject-matter of such alimony is sufficiently submitted to the court to authorize it to make changes in regard to prospective alimony, if it finds that the circumsances of the parties and the nature of the case have so changed as that there should be some modification in the decree for alimony, in order to make it fit, reasonable and just. It is true that here the defendant was in contempt of court in not paying the installments of alimony in conformity with the requirements of the decree. Wightman v. Wightman, 45 Ill. 167; O'Callaghan v. O'Callaghan, 69 Ill. 552. It may well be that for that reason it would not have been error, even if there had been a formal petition and application for a reduction of alimony, to have denied such application on that ground alone, and especially in the absence of any showing of pecuniary inability. In Cole v. Cole, 142 Ill. 19, it was said of the appellant that he did not come into court with clean hands, and would not be permitted to ask relief for a decree of which he was in contempt."

In appellant's said petition to vacate the allowance of alimony both accrued and to accrue, no change in the circumstances of himself or appellee is averred since said decree was entered; at most, he only claims: First. She fraudulently concealed from him that she had, before the decree was entered, and after her marriage with him, committed adultery. Second. That he had no knowledge of

said alleged adultery of his wife, before or at the time said decree was entered, nor at that time did he know by whom he could prove such adultery, but that after the court that made the decree had adjourned, he discovered that his wife had committed adultery at the time he mentioned in his petition, and also discovered the witnesses by whom he could prove it. The action of the lower court herein, as against the claim of appellant first above stated, was correct, because no facts constituting the fraudulent concealment are averred in his petition, and further, appellant procured the decree sought to be partially vacated, not appellee. Rae v. Hulbert et al., 17 Ill. 572; Boyden et al. v. Reed, 55 Ill. 458. As to appellant's second above claim we will say, his said petition does not show he used proper diligence in obtaining the knowledge of adultery, or the witnesses by whom he could prove the same. Diligence in this regard must be averred and proven, before a court would vacate a decree entered at a prior term, for newly-discovered facts, and witnesses to prove them. Boyden et al. v. Reed, *supra*.

Finally, we are compelled to hold under the ruling of our Supreme Court, in the case of Cole v. Cole, 142 Ill. 19, that as to conditions existing at the time the decree was entered, the court at a subsequent term is powerless to alter or modify the allowance of alimony in decree for divorce, in the absence of fraud in procuring the decree. Even though, in some other States, their courts of last resort may with apparent soundness hold otherwise.

The petition of appellant was therefore properly dismissed by the court below, and its order and decree herein will be affirmed, with costs to appellant.