# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1898.

### John M. Daugherty v. Ella Daugherty.

1. ALIMONY—*Decree for, Must be Supported by Evidence.*—Where no evidence to support a decree has been preserved in the record either by depositions filed, the report of the master, a certificate of the evidence, or recital of facts found by the court, the decree must be reversed. A decree granting alimony is no exception to the rule.

2. EQUITY PRACTICE—*Affidavits Read on a Preliminary Motion Can Not be Considered as Evidence.*—Affidavits presented in support of an application for attorney fees and alimony *pendente lite* are purely *ex parte* and can not be considered as evidence to support a decree.

3. ESTOPPEL—*Seeking a Modification of a Decree No Estoppel to Question Its Sufficiency.*—Where a defendant by a petition seeks a modification of a decree because of misconduct of the complainant occurring prior to the time the decree was rendered, of which he was ignorant until after the court rendering it had adjourned for the term, he has the same right to call in question the sufficiency of the decree that he would have had had he not presented his petition for a modification.

**Bill for Divorce and Alimony.**—Trial in the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Hearing and decree for complainant. Error by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

HAMILTON & WOODS, attorneys for plaintiff in error.

J. F. CARROTT and GOVERT & PAPE, attorneys for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

On the 6th of January, 1896, at the suit of the plaintiff in error, a decree for divorce was rendered against the defendant in error upon the charge of desertion. After declaring a dissolution of the marriage between the parties, the court further decreed that the plaintiff in error should pay to the defendant in error, as alimony, the sum of two hundred dollars per year, in quarterly installments, until the further order of the court, and that the decree should be a lien upon all his real estate, to be enforced by execution.

To reverse so much of the decree as grants alimony and makes it a lien upon the real estate of the plaintiff in error this writ of error is prosecuted. The sole ground for reversal urged is that the decree for alimony is unsupported by any evidence preserved in the record or by recital of facts found by the court.

Upon the part of the defendant in error it is urged that the decree should be affirmed for the reason that it appears from the certificate of the circuit clerk that the plaintiff in error has brought but a partial record to this court. At the time defendant in error prepared and filed her brief that was true, but, under leave of the court, amended and additional transcripts and certificates have since been filed; so there is now a complete record before us. An inspection of the transcript, as completed, shows no evidence whatever to support a decree for alimony. It is a familiar rule of law, supported by a long line of decisions in this State, that where no evidence to support a decree in chancery has been preserved in the record, either by depositions filed, the report of the master in chancery, a certificate of the evidence, or recital of facts found by the court, the decree must be reversed.

A decree granting alimony is no exception to the rule. Here is a decree granting relief to the party in fault against the party found to be entitled to a divorce. The reasons are strong, therefore, why the rule should apply.

Counsel for defendant in error contend that certain affidavits which were presented early in the course of the

litigation in support of her application for an order for attorney fees and alimony *pendente lite*, furnish sufficient evidence to support the decree. Those affidavits were purely *ex parte* and could not be considered as evidence against the complainant except by agreement.

The defendant in error contends, also, that the plaintiff in error is estopped from calling in question the decree at this time because at a subsequent term to the one in which it was rendered he filed a petition to have it modified, and prosecuted an appeal to this court from an order of the Circuit Court sustaining a demurrer to and dismissing the petition, which order was affirmed by this court. Daugherty v. Daugherty, 71 Ill. App. 301.

The petition sought the modification of the decree because of misconduct of the defendant in error occurring prior to the time the decree was rendered, of which the plaintiff was ignorant until after the court had adjourned for the term. The Circuit Court properly dismissed the petition because the decree was an adjudication of all matters that had occurred prior to the rendering of it. The only question that was considered or that could have been considered upon that appeal was the sufficiency of the petition. The plaintiff in error has the same right to call in question the sufficiency of the decree by this writ of error that he would have had had he not presented his petition for modification. The decree will be reversed and the cause remanded.