CASE 68—PETITION EQUITY—FEBRUARY 6.

# Peak, &c., vs. Percifull, &c.

APPEAL FROM MEADE CIRCUIT COURT.

1. A suit, brought to correct errors on the face of the decree and to perfect the title which it purported to pass, may be considered of the nature of a bill of review.

2. Rendering a decree against infants, without legal notice or defense, and rendering a judgment in favor of an unsued intervenor, without service of process on, or appearance to, his cross-petition, without any order making him a party, are reviewable errors and good cause for revision and relief by the circuit court, without first appealing to the court of appeals.

3. It is only when a party defendant files a cross-petition against the party complainant that service of notice of the new and extraneous suit is not necessary.

JOHN C. WALKER,                              For Appellants,

CITED—

1 *Duvall*, 125; *Francis vs. Smith.*
*Civil Code, section* 125.

M. H. COFER,                                 For Appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This suit, being brought to correct errors on the face of the decree, and to perfect the title which it purported to pass, may be considered of the nature of a bill of review. The record shows two such reviewable errors—1st. In rendering a decree against infants without legal notice or defense; and, 2d. In rendering judgment in favor of Percifull's administrator without service of process on, or appearance to, his cross-petition as an unsued inter-

venor, and without any order making him a party. It is only when a party defendant files a cross-petition against the party complainant that service of notice of the new and extraneous suit is not necessary. For these errors, it seems to us that the petition shows a good cause for revision and relief by the circuit court, without first appealing to this court.

Wherefore, the judgment, dismissing the petition as unsustainable on its face, is reversed, and the cause remanded for further proceedings.