LAURA ANN GOODRICH *et al.*

*v.*

MARTIN B. THOMPSON, Admr.

1. BILL OF REVIEW—*requisites.* It is indispensably necessary to a bill of review, that the former bill, and the proceedings thereon, and the decree, be fully set out or stated. A synopsis thereof is not sufficient.

2. SAME—*does not lie to defects obnoxious to demurrer.* If a bill in chancery is defective, advantage should be taken by demurrer, and not by bill of review.

3. SAME—*who may maintain bill.* Persons not parties to a bill in chancery, and who are, consequently, not affected by the decree therein, can not maintain a bill of review.

APPEAL from the Circuit Court of Ford county.

Mr. C. H. FREW, for the appellants.

Mr. JOHN R. KINNEAR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

In August, 1874, Martin B. Thompson, as administrator on the estate of L. F. Randolph, deceased, exhibited his bill in the Ford circuit court, to foreclose a mortgage executed by Laura A. Goodrich, on October 27, 1868, to secure the sum of sixteen hundred dollars. It was alleged in the bill, that Robert Frew and C. H. Frew claimed some interest in the mortgaged premises, and they, with Laura A. Goodrich, were made defendants.

Laura A., the mortgagor, entered her appearance, waiving the issuing and service of process. The other defendants, it is stated in the decree, were served with process, and the defendants failing to plead, answer or demur, the bill was taken for confessed against them, and a decree of foreclosure and sale of the premises regularly entered, after a reference to the master in chancery. The decree was entered in April, 1875.

In June, 1876, Laura A. Goodrich, Robert Frew, C. H. Frew, and Bella and Florence Goodrich, filed a bill, as they claim, in the nature of a bill of review, praying for general relief, and for a writ of injunction to restrain the execution of a deed by the master on the sale of these lands.

To this bill a general demurrer was put in, which was sustained, and a decree passed dismissing the bill at complainants' costs. To reverse this decree, the complainants Laura A. Goodrich and R. and C. H. Frew, appeal.

It is unnecessary to elaborate the points arising on this record. There is a fatal objection to the proceedings of appellants as a bill of review. The necessary and indispensable constituents of a bill of review are, that the former bill, and the proceedings thereon, and the decree, must be fully set out in the bill of review. This doctrine is familiar to all. 3 Daniells' Ch. Prac. 1724. In *Gardner et al.* v. *Emerson et al.* 40 Ill. 296, it was said, that in a bill of review, the former bill and proceedings under it must be stated, or if it be brought

on newly discovered evidence, the evidence must be stated. A mere skeleton of the original bill, or a reference to it and proceedings under it, will not suffice.

So, in *Judson* v. *Stephens et al.* 75 Ill. 259, it was said, in conformity with the established rule in such cases, that the object of a bill of review being to bring before the court, for inspection, the record of the proceedings sought to be reviewed, so that the court can, on inspection, determine if there is error upon the face of the decree, the bill will be defective if it fails to set out a complete copy of the original bill, answer and decree.

To reach defects in a bill, this case holds, and so is the general rule, is by demurrer. The bill was taken as confessed against Laura A. Goodrich and the Frews. They have had their day in court, and if error was committed in granting the relief sought, exceptions should have been taken and an appeal prosecuted. The other parties complainant, Bella and Florence Goodrich, were not parties to the original proceedings, consequently they are not affected by the decree,—and, not being parties, they can not maintain a bill of review. Story's Eq. Pl. secs. 375, 409.

The demurrer was properly sustained to the bill, and it was right to dismiss it.

The decree of the circuit court is affirmed.

*Decree affirmed.*