B. LOWENSTEIN & BROS. ET AL. v. H. S. HOOKER ET AL.

1. ASSIGNMENT FOR CREDITORS. *When administered in chancery.* Code 1892, *ch.* 8.

It is only where an assignment for creditors is general that the assignee can petition the chancery court, under chapter 8, code 1892, to have the trust administered. A petition for that purpose by an assignee in an assignment which is not general should be dismissed.

2. SAME. *Chancery pleading. Dismissal of bill. Cross-bill.*

In such case, the dismissal of the petition of the assignee necessarily carries with it a cross-petition filed by the creditors under said statute to vacate the assignment, this being a mere dependency of the original petition.

FROM the chancery court of Holmes county.

HON. T. B. GRAHAM, Chancellor.

Section 117, ch. 8, code 1892, is as follows: "Assignments for the benefit of creditors may be executed as heretofore; but in every case of a general assignment, where the property assigned shall exceed in value the sum of one thousand dollars, the assignee or trustee shall, before he enters upon the discharge of his duties, after taking possession, and within twenty-four hours thereafter, file a petition in the chancery court of the county of the assignor's residence or place of business, or, if he had no residence or place of business in this state, then of the county of the residence of some of his creditors, or where the property, or some of it, may be, for the administration of the trust. The assignor and all of his creditors must be made parties to the petition."

Said chapter further provides that the assignee shall give a bond for the faithful administration of his trust, and shall thereby become a receiver of the court, and subject to its orders.

By § 121 it is provided that any creditor may file in said cause a cross-petition against the receiver, and may make the

assignor or other persons, whether parties to the suit before that time or not, defendants thereto, and show to the court that the assignment is fraudulent, or that, for other reasons, it should be vacated. The creditor filing such cross-petition, if he succeed in establishing that the assignment ought not to be enforced, shall have priority over all other creditors in the distribution of the proceeds of the property in the assignee's hands, and a lien, from the filing of his cross-petition, on other property sought to be subjected to his debt.

On November 17, 1892, D. W. Beall, a merchant, executed an assignment for the benefit of his creditors, whereby he conveyed to an assignee his stock of merchandise in a designated store-house, and also all his books of account, notes, bills of exchange and other securities due to the assignor. Immediately upon the execution of the assignment, the assignee, having taken possession of the assigned property, filed his petition in the chancery court, in supposed compliance with the above-mentioned provisions of the code, making the creditors of the assignor parties, and praying for an administration of the trust by the court. The petition asked that the assignee be empowered to act as receiver of the court, and the bond, as required by the statute, was tendered and approved by the chancery clerk. The appellants, B. Lowenstein & Bros., together with other creditors of the grantor, Beall, appeared and filed a cross-petition, alleging that the assignment was fraudulent and void as to creditors. The cross-petition alleges, among other things, that the grantor owned certain land and personal property which he had not embraced in said assignment, and which he had reserved in fraud of his creditors. However, it is not necessary to notice the various grounds upon which the invalidity of the assignment was sought to be established.

Certain other creditors of the assignor, who were made parties, demurred to the petition and the cross-petition, on the ground that, as the conveyance did not appear to be a general assignment, the court had no jurisdiction. These

demurrers were sustained, and the petition and cross-petition were both dismissed, and from this decree cross-petitioners have appealed.

*J. E. Gwin*, for appellants.

There can be no good reason for dismissing the cross-petition of the creditors merely because the assignor had not made a general assignment. In all its features, the cross-petition is a creditors' bill, for the purpose of showing that the assignment was fraudulent, and one of the grounds of its invalidity is that, pretending to be a general assignment, it is, in fact, only partial. It is a cross-petition only as to the assignee who filed the original petition. As to all other parties, it must be treated as an original bill. If it be true that the assignee was not required to petition the chancery court for the administration of the trust, his action in so doing should not defeat the right of the cross-petitioners.

It may well be argued that the assignment was a general one from its terms, as it nowhere appears in it that the assignor had any other property than that assigned. The fact that he had such other property is only disclosed by the cross-petition. The statute gives the same benefit and the same relief as is granted by any other creditor's bill.

*Hooker & Wilson*, for appellees.

The assignee and general creditors have treated the assignment as if it were general; but this mistake cannot affect the question of the jurisdiction of the court under chapter 8, code 1892. It is not controverted by appellants that the assignment is only partial. This fact is. manifest by the cross-petition, which attempts to bring before the court, and into the administration of the estate, real and personal property not conveyed, and not purported to be conveyed. Whatever may be the rights of the appellants upon the averments of their cross-petition, they must pursue some other than the statutory method, which is expressly designed for, and

limited to, general assignments. The petition stands dismissed, and no appeal has been prosecuted by the assignee, and the cross-petition based on it necessarily was dismissed. The whole proceedings were *coram non judice.*

CAMPBELL, C. J., delivered the opinion of the court.

. The assignment shows that it is not a *general* assignment, and the proceeding by the assignee under chapter 8 of the code of 1892 was not authorized by it, and this proceeding was properly dismissed. Divers creditors of the assignor, instead of exhibiting an original bill, came in, according to the statute, by cross-petition, and introduced sundry new matters, on which they prayed relief. This petition was likewise dismissed, which is complained of; but the dismissal was proper, for it is a mere cross-petition, and the rule is a general one that, except in rare instances, the dismissal of the original carries with it the cross-bill. There is a greater reason for the application of the general rule in such a case as this than usually in chancery causes, because it is alone by virtue of the statute that new parties and new and distinct matters may be introduced by cross-petition; and when the original petition is put out of court as a matter not properly there, every thing dependent should, for the same reason, go too. In a case embraced by chapter 8 of the code, there could not be a dismissal of the assignee's petition, because rightly filed. The mistake made by the petitioners in the cross-petition was in not ignoring the proceeding by the assignee, and in not exhibiting an original bill, which would not have been a mere dependency of the unwarranted proceeding which the chancellor rightly dismissed as wholly unauthorized. It is true that the partial assignment was dealt with as a general one by the parties concerned, but their blunder did not bind the court.

*Affirmed.*