# CHARLESTON.

CHANCELLOR *v.* SPENCER *et al.*

40    337
f63    17

Submitted January 28, 1895—Decided April 3, 1895.

1. BILL OF REVIEW.
    A person is not entitled to file a bill of review·who is not a party
    to the original suit, and whose rights are in no manner affected by
    the decree sought to be reviewed.

2. BILL OF REVIEW—WAIVER.
    A joint owner of property, who, being a party to a suit, allows.
    his undivided interest in such property to be sold to satisfy judg-·
    ment liens thereon, can not file a bill of review to set aside the de-
    crees in such suit, for the sole purpose of having the property, not
    being susceptible of partition, sold as a whole, for by his negli-
    gence he has waived whatever rights he may have had in this
    respect.

HUTCHINSON, HUTCHINSON & CAMDEN for appellants, cit-
ed 38 W. Va. 106; 3 W. Va. 676; 5 W. Va. 199; 6 W. Va.
369; 26 W. Va. 1; 31 W. Va. 688; 1 Dan'l Chan. Pl. & Pr.
(6th Am. Ed.) 262; Id. 246; 20 Fed. Rep. 784; 1 Gratt. 425;
10 Leigh 5; Code, c. 65, s. 15; Id. c. 71, s. 17.

DENT, JUDGE:

The Circuit Court of Wood county, at the August term,
1892, entered a final decree dismissing a bill of review filed
by Camden Spencer in the chancery cause of *W. N. Chan-
cellor* v. *E. M. Spencer et al.*, for the reason that the errors
assigned were not sufficient to authorize a review and rever-
sal of the decree complained of, and from this decree Cam-
den Spencer and E. M. Spencer appeal to this Court.

The errors assigned are as follows, to wit:   (1) Because
it is apparent upon the face of the bill and the papers of
the cause that the decree rendered in the said·suit of W.
N. Chancellor was wholly erroneous, in that the minor chil-
dren of E. M. Spencer and Mary P. Spencer, deceased, whose

interests were to be vitally affected, were not made parties to that suit. (2) E. M. Spencer, if he has any interest by the curtesy in the said house and lot conveyed to him as trustee for his wife, Mary P. Spencer, took only such interest as belonged to her, to wit, an equitable interest, or use of the property during her life. At her death the fee went to the four minor children. If, however, such construction be given to section 17, chapter 71, Code, 1891, as shall conflict with this view, it in no wise relieves the proceedings of the first error complained of, *viz.:* these minor children were not made parties to the suit, nor did they appear by guardian or otherwise. (3) It was manifest error in the court, having in his hands at the same time both the Chancellor suit and the Coffer petition, each seeking a sale of the same property, to decree a sale in each case. The court should, of its own motion have consolidated the two, and directed that they be heard together. The effect of the separate decrees in each, in force at the time of sale, was to sacrifice the property, no matter which decree the property was sold under. (4) The court erred in directing the sale of E. M. Spencer's interest in the wharf property without first ascertaining, by reference to a commissioner, the other joint owners of said wharf property, and the extent of their several interests, and requiring them to be made parties, that they might be apprised of the sale, as being most likely, in view of their own interests, to offer better prices than would casual purchasers or strangers.

The decrees sought to be reviewed were entered in a suit brought by W. N. Chancellor to enforce a judgment lien against two certain pieces of property alleged to be owned by the judgment debtor, E. M. Spencer to wit: (1) A life estate in a certain house and lot belonging to Mary P. Spencer, deceased, his wife. (2) An undivided interest in a certain wharf property. E. M. Spencer, though a party served with process, made no appearance or defense, but permitted the decrees to be entered on bill confessed.

Camden Spencer was not a party, nor in privity with any party, to the suit; and he could not be bound, nor could his rights be affected, by any decree entered therein, and there-

fore he is not entitled to maintain a bill of reviw. 1 Bart. Ch. Prac. p. 204, § 64. He claims that E. M. Spencer was not entitled to a life estate in the property of his wife, Mary P. Spencer, deceased. If this be true, then none was sold, as the court could only sell such interest as E. M. Spencer had in the property, in the absence of those lawfully entitled to it. He further claims that if the life estate did exist, it was an injury to the heirs to sell it separately from the reversion, and that the property should be sold as a whole, to insure a fair price. This can be easily accomplished by making the present owner of the life estate a party to the suit to sell the reversion, as it makes no difference to the reversioners whether the life estate is owned by E. M. Spencer or by W. S. Tracewell as in one case the purchase price of the life estate will go to E M. Spencer's creditors; in the other, to W. S. Tracewell. Therefore, in no event is Camden Spencer interested in reviewing the decrees complained of, and the Circuit Court did right to dismiss his bill.

As to E. M. Spencer, while he might have had the right to have all the parties interested in the two properties before the court, and have had them partitioned or sold as a whole, yet by his negligence he acquiesced in the proceedings in the suit, and can not now be heard to complain. Bart. Ch. Prac. 335.

The decree complained of is therefore affirmed.