EMMA J. GLOS et al. Appellants, vs. THE PEOPLE OF THE STATE OF ILLINOIS et al. Appellees.

*Opinion filed June 18, 1913—Rehearing denied October 15, 1913.*

1. APPEALS AND ERRORS—*when a freehold is involved in a proceeding to review a foreclosure proceeding.* A freehold is involved on appeal from a decree dismissing a bill to review a foreclosure proceeding, even though the original foreclosure decree did not involve a freehold, where the supplemental decree found that the time for redemption had expired and the right to redeem was lost and directed the county clerk to issue a deed.

2. BILLS OF REVIEW—*general rule as to who may file bill of review.* As a general rule, no one but parties to the suit, or those in privity with them, have the right to maintain a bill of review.

3. SAME—*what does not entitle person to file a bill of review.* Where a supplemental decree in a foreclosure proceeding mentions the name of a certain person as claiming some interest in the property and finds that she is not the owner, but it appears from the other pleadings in the case that she was not a party to the foreclosure suit, such person is in no way bound by the supplemental decree nor aggrieved thereby, and she is not entitled to maintain a bill of review. (*Bruschke* v. *Nord Chicago Schuetzen Verein,* 145 Ill. 433, distinguished.)

4. SAME—*when a person is prejudiced or aggrieved by decree.* A person is prejudiced or aggrieved by a decree, in a legal sense, when a legal right is invaded thereby or his pecuniary interest is directly affected.

5. SAME—*when a bill of review cannot be filed without leave.* While a bill of review may be filed without leave if it is solely for errors apparent on the face of the record, yet if the bill is filed not only for errors apparent on the face of the record but also for matters requiring extrinsic evidence, the bill cannot be filed without first obtaining leave of the court.

6. SAME—*when offer to amend bill of review filed without leave is of no avail.* If a complainant files, without leave of court, a bill of review for errors apparent on the face of the record and for matters requiring extrinsic evidence to establish them, it is of no avail, after objections and a motion to strike are on file, to offer to amend the bill so that it would show that it was filed only for errors apparent on the face of the record and for fraud in obtaining the decree.

7. SAME—*objection that bill of review was filed without leave may be raised by motion to strike.* An objection that a bill of review requiring leave was filed without leave may be raised by demurrer or by motion to strike the bill from the files.

8. SAME—*when cross-bill falls with bill.* Where a bill of review is properly stricken from the files as having been filed without leave it is proper to also strike the cross-bill from the files, where the cross-bill is subject to the same objection as the bill of review and could not be filed as an original bill except by leave of court.

9. JUDGMENTS AND DECREES—*when a supplemental foreclosure decree does not bind person.* Where it is necessary in tax foreclosure proceedings, under section 253 of the Revenue act, to make a certain person a party in order to adjudicate his interest in the property but he is not made a party to the original suit, he cannot be precluded as to his interest by a statement in a supplemental decree that he had notice of the supplemental proceeding, and in such case his rights are not affected by the findings of the supplemental decree.

10. SAME—*decree not binding when entered will not become so with lapse of time.* A supplemental decree in a tax foreclosure proceeding which is not binding upon a certain person at the time it was entered, because she was not a party to the suit, will not become binding by mere lapse of time.

11. SAME—*when supplemental foreclosure decree is not a cloud.* A supplemental decree in a tax foreclosure proceeding, which states that a certain person has notice of the proceeding and finds that she is not the owner of the property or any part thereof, does not constitute a cloud upon her title, where it appears from all the pleadings in the foreclosure case that she was not a party to the proceeding.

12. SAME—*finding of a decree as to notice may be contradicted by other parts of the record.* A finding in a decree that certain persons have been duly notified and made parties to the proceeding may be contradicted and overcome by other portions of the record, which is to be construed and tried by itself.

13. SAME—*a party is not prejudiced or aggrieved by a decree which is invalid, on its face, as to her rights.* A party is not prejudiced or aggrieved by a supplemental decree in a foreclosure proceeding where it appears from the face of the entire foreclosure proceeding that it is invalid in so far as it attempts to affect her rights, and in such case she cannot maintain a bill of review.

14. PRACTICE—*when a party has a right to make a motion to strike.* Where a person is made a party defendant to an original

bill of review and also to the cross-bill, which allege that she has certain interests, she has a right to make a motion to strike the bill and cross-bill from the files, even though it may appear from the motion that she has transferred her interest, where there is no finding by the court that she has no interest.

APPEAL from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

ALBERT M. KALES, (JOHN R. O'CONNOR, of counsel,) for appellants.

CHARLES L. BARTLETT, and SHERMAN C. SPITZER, for appellee S. B. Tefft; JOHN S. BROWN, for appellee Robert Zaleski; ENOCH J. PRICE, for appellee Edwin M. Clark; ROBERT HUMPHREY, for appellee Walter Langlois.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed by Emma J. Glos on April 17, 1911, in the circuit court of Cook county, to review for errors alleged to be apparent on the face of the record, and for alleged fraud, the proceedings and decrees in the case of *People* v. *Evans et al.* April 18 Jacob Glos filed a cross-bill attacking the same decrees for substantially the same reasons as alleged in the original bill. November 12, 1912, two orders were entered by the trial court, one striking the original bill of Emma J. Glos and dismissing the same at her costs, and the other striking the cross-bill of Jacob Glos at his costs. Emma J. Glos prayed and was allowed an appeal from the order dismissing the original bill and Jacob Glos prayed and was allowed an appeal from the order dismissing the cross-bill. While there seems to have been no joinder of these two appeals, they have been treated in the record and briefs as if they were joined.

A statement as to the litigation which this bill has been filed to review will be found set out in *Clark* v. *Zaleski*, 253 Ill. 63. We deem it advisable, however, for a proper un-

derstanding of the questions raised, to re-state some of the facts.

April 7, 1905, the State instituted proceedings in the circuit court of Cook county, under section 253 of the Illinois Revenue law, to foreclose certain tracts alleged to be forfeited to the State, the taxes thereon having remained unpaid for four years, from 1900 to 1903, inclusive. Various owners and persons claiming an interest in the premises were made defendants, the case being entitled *People* v. *Evans et al.* In these foreclosure proceedings Jacob Glos was served but Emma J. Glos was not made a party. Jacob Glos filed an answer, admitting that he claimed an interest in the premises but denying that the same was subject to a lien of the State for taxes. The matter was referred to a master in chancery, who reported to the court, and a final decree was entered October 11, 1905, ordering the premises to be advertised and sold by the county treasurer unless the taxes were paid within a certain time. Jacob Glos prayed and was allowed an appeal from that decree but never perfected it. Under said decree a public sale was held by the county treasurer of Cook county, the purchaser being Walter Langlois, who was not a party to the proceedings. He assigned his certificate of sale to B. H. Collier and S. B. Tefft, who paid the taxes after the sale and up to and after the time of redemption had expired. On October 16, 1909, an order was entered by said circuit court in the case of *People* v. *Evans et al.* finding that due notice had been given of the expiration of the time of redemption and authorizing the issuance of a tax deed to the premises so sold under said foreclosure proceedings. A deed was thereafter executed by the county treasurer of Cook county to Tefft and Collier, Tefft afterwards deeding an undivided half interest to Robert Zaleski and Collier a half interest in Edwin M. Clark. Later, Clark filed a bill for partition in the superior court of Cook county against Zaleski and others, including Jacob Glos and Emma J. Glos. Jacob

Glos and Emma J. Glos both filed answers to the partition suit, denying that Clark and Zaleski were the owners of said premises. Thereafter an order was entered dismissing said Emma J. Glos as a party from said partition suit. A decree was entered in said partition suit, finding that Clark and Zaleski were the owners in fee simple of said premises, free and clear of all claims, liens and encumbrances of defendants in said proceedings. On appeal to this court by Jacob Glos that decree was affirmed. *Clark* v. *Zaleski, supra.*

In the original bill for review filed herein by Emma J. Glos the files and proceedings in *People* v. *Evans et al.* were set up, except the notice of the application for said order of October 16, 1909. The bill alleged that she owned an undivided one-third interest in the premises in question, acquired by quit-claim deed from her husband, Jacob Glos, dated May 29, 1902, and recorded June 2, 1902; that she had never had any notice of the foreclosure suit until in October, 1910, when she was summoned in *Clark* v. *Zaleski, supra,* in which case she averred that a trial had been had and a decree was then about to be entered. She prayed that the proceedings and decree in *People* v. *Evans et al.* be reviewed and reversed and that she might be allowed to make her defense. The cross-bill of Jacob Glos adopted, by reference, the statement of the pleadings and proceedings in *People* v. *Evans et al.* as set forth in the original bill of Emma J. Glos, and alleged that he and Emma J. Glos were the owners in fee of the premises; that he had no knowledge of the entry of the order of October 16, 1909, until he was served in October, 1910, in *Clark* v. *Zaleski.* The cross-bill had substantially the same prayer for relief as did the original bill.

To the original bill Edwin M. Clark filed a general and special demurrer, alleging that Emma J. Glos could not sustain her bill because she was not a party to the original suit; that the complainant had not performed or offered to perform the decretal orders sought to be reviewed; that she

was barred by gross *laches,* and had not set forth any error apparent or other reasons sufficient to authorize or justify a review and reversal of said decree as prayed for. Robert Zaleski and Walter Langlois filed general and special demurrers setting up the same grounds as were set up by Clark, and further alleging that said bill did not contain all the files and proceedings in the foreclosure suit. They all three filed a general and special demurrer to the cross-bill of Jacob Glos, raising practically the same points that they raised by the general and special demurrers to the original bill.

On her first appearance in this proceeding S. B. Tefft made a motion to strike both the bill and cross-bill from the files and dismiss the same because they were filed without leave of court first obtained upon sworn petition and due notice; because the complainant was not a party or privy of any party to said original foreclosure proceedings; because neither the complainant nor cross-complainant had performed the decretal orders sought to be reviewed; because, subsequent to the decretal orders in the foreclosure suit, Tefft and Collier had conveyed their respective interests to Clark and Zaleski, between whom there had been a partition decree, which cut off all interests claimed in said foreclosure. After a hearing on this motion the circuit court struck the bill and cross-bill from the files and Emma J. Glos and Jacob Glos appealed to this court, as stated above.

It is suggested in the briefs of appellees, but not argued, that this court is without a jurisdiction on direct appeal as this case does not involve a freehold, a franchise, the validity of a statute or the collection of public revenue. A freehold was not involved, in the sense of the constitution and statute controlling appeals, in the original foreclosure proceedings. The supplemental foreclosure decree, however, found that the time for redemption had expired and the right to redeem was lost, and directed the county clerk

259 — 22

to issue to said Collier and Tefft a deed for the premises. That supplemental decree involved a freehold so as to permit a direct appeal to this court. (*Sanford* v. *Kane,* 127 Ill. 591; *Smith* v. *Jackson,* 153 id. 399.) The constitutional question is also raised by appellants as to whether a notice given the parties in the foreclosure proceedings complied with the requirements of the United States and State constitutions as to due process of law. This court has jurisdiction of the case.

The principal question for consideration is whether or not the trial court properly struck the original bill and cross-bill from the files and dismissed the proceedings. We shall first consider this question as it applies to the original bill.

The bill alleges, and all counsel concede, that Emma J. Glos was not a party to the original foreclosure proceedings which are here sought to be reviewed. Counsel for appellees contend that as she was not a party or privy to any party to the original proceedings she has no right to file this bill of review. On the other hand, counsel for appellants argue that while Emma J. Glos was not a party to the litigation she was directly and affirmatively affected by the proceedings, and therefore she had a right to file her bill. The general rule is that none but parties and privies can have a bill of review. (3 Ency. of Pl. & Pr. 590; 16 Cyc. 521.) In *Goodrich* v. *Thompson,* 88 Ill. 206, where a bill of review had been filed questioning a former foreclosure proceeding in which the plaintiffs in the bill of review had not been made parties, this court said (p. 208): "The other parties complainant, Bella and Florence Goodrich, were not parties to the original proceedings, consequently they are not affected by the decree, and not being parties they cannot maintain a bill of review." In Daniell's Chancery Pleading and Practice (6th Am. ed. vol. 2, p. 1579,) the author says that a bill of review or a bill in the nature of a bill of review "can only be filed by a person

who was a party or privy to the former suit, and where any other person considers himself aggrieved by the decree he must proceed by original bill." To the same effect is *Jones* v. *Fayerweather*, 46 N. J. Eq. 237. Story, in his work on Equity Pleading, (10th Am. ed. sec. 409,) states the rule as follows: "No persons except the parties and their privies in representation, such as heirs, executors and administrators, can have a bill of review, strictly so called. But other persons in interest and in privity of title or estate who are aggrieved by the decree, such as devisees and remainder-men, are * * * entitled to maintain an original bill in the nature of a bill of review so far as their own interests are concerned. * * * And even persons having an interest in the cause, if not aggrieved by the particular errors assigned in the decree, cannot maintain a bill of review, however injuriously the decree may affect the rights of third persons."

There is no doubt that the general rule is that a stranger to a decree cannot file a bill of review to question that decree. If, however, the decree attempts to adjudicate his rights, even though he is not a party, then is he so affected by the decree as to permit him to file a bill of review? There are authorities which tend to support the contention that if a person is prejudiced or aggrieved by such decree he can file a bill of review. 2 Beach on Modern Equity Practice, sec. 881; *Peak* v. *Percifull*, 66 Ky. 218; *McCoy* v. *Allan*, 16 W. Va. 724; see, also, *Chancellor* v. *Spencer*, 40 W. Va. 337.

Appellants contend that under the reasoning of *Bruschke* v. *Der Nord Chicago Schuetzen Verein*, 145 Ill. 433, a person not served with summons in a chancery suit, and who does not appear but is mentioned in the decree in such a way as apparently to adjudicate his rights, has a standing to file a bill of review. In that case, apparently, Der Nord Chicago Schuetzen Verein was named as defendant in the original bill in the prayer for process but not in the open-

ing paragraph of the bill, and it was shown there was no service of process upon it. A solicitor made a written entry of "appearance of the defendants in the above cause." On the hearing of the bill of review it was shown that the solicitor entering the appearance of the defendants had no authority to appear for the Verein and did not intend so to do. The bill of review was filed, not only by the Verein, but also by its officers and directors and their successors, some of whom, at least, had been parties to the original bill. No question appears to have been raised on the trial of that cause as to the authority of the Verein to file the bill of review because it was not a party to the original proceedings. While that decision, on the facts, is not conclusive, it furnishes some support to appellants' contention that if the decree shows that a person not a party has been prejudiced he has a right to file a bill of review.

A person is prejudiced or aggrieved, in the legal sense, when a legal right is invaded by the act complained of or his pecuniary interest is directly affected by the decree or judgment. (2 Cyc. 1266, and cases cited; *State* v. *Central Vermont Railroad Co.* 71 Atl. Rep. [Vt.] 193; *Wiggin* v. *Swett,* [Mass.] 39 Am. Dec. 716.) "Aggrieved" means having a substantial grievance; a denial of some personal or property right. (4 Cyc. 82, and cases cited.) Assuming that a person not a party or privy to the original proceedings but having been prejudiced or aggrieved, as those terms are understood in law, by a former decree or judgment, can file a bill of review, does it follow from this record that Emma J. Glos is so prejudiced or aggrieved by the foreclosure proceedings that she is entitled to file such a bill?

As has been stated, all parties concede that the record in the foreclosure proceedings shows that Emma J. Glos was not made a party thereto. The answers of some of the defendants in those proceedings insisted that the original bill therein was defective because she was not made a party.

It is contended that the supplemental proceedings referred to her in such a way as to place a cloud upon her title to the real estate in question. The supplemental decree of October 16, 1909, stated that she had been notified of said supplemental proceedings by leaving a copy of the notice with her, calling attention to the fact that the supplemental decree would be applied for in said circuit court. Counsel for appellants contend that no such notice was ever served upon her. They argue, however, that it was optional with the purchaser at the tax foreclosure sale whether supplemental proceedings would be instituted; that he could have applied to the county clerk for a deed without said supplemental proceedings being instituted. This position is in accord with the holding of this court in *Clark* v. *Zaleski, supra.* The opinion states with reference to the advisability of such supplemental proceedings (p. 82) : "The practical advantages of such course are apparent. Such an order, being within the jurisdiction of the court, is binding upon parties and privies, and precludes them from afterwards re-litigating all questions that were or might have been raised in such proceeding." As Emma J. Glos was not a party or privy to the original foreclosure proceedings the alleged notice as to said supplemental proceedings could not in any way preclude her from questioning the finding either in said original or supplemental proceedings.

When it is necessary, in foreclosure proceedings held under section 253 of the Revenue act, to make a person a party thereto to adjudicate his rights or interests in property, if he is not made a party he cannot be precluded as to his rights or interests by a statement in the supplemental proceedings, entered after the sale of the property, that he has had notice of such supplemental proceedings. Not being a party to the decree of foreclosure and sale, the supplemental proceedings could have no force or effect whatever upon his rights, which would remain the same as if the foreclosure proceedings and sale had never been had.

(*Wehrheim* v. *Smith*, 226 Ill. 346.) This is conceded by counsel for appellants. They do not argue that the alleged notice is binding. They claim, however, that other parts of said supplemental decree of October 16 attempted to adjudicate Emma J. Glos' interests in the property. That decree states, among other things: "The court further finds that the following named persons, to-wit, Lynden Evans, * * * Jacob Glos, Emma Glos, August Timke, trustee, also claim some right, title or interest in and to said above mentioned lots during said redemption period, but that said last mentioned persons were not the owner, nor was any of them, in truth or in fact, the owner or owners of said above mentioned lots, or any of them, or part or parts thereof." Counsel for appellants contend that because of this statement, and the further recitation in said supplemental decree that the court "has jurisdiction of the subject matter herein and all the parties hereto; that all parties to this cause have had due notice of the presentation of and hearing upon said petition," said supplemental decree will stand as a cloud upon the rights of Emma J. Glos, "which may by the lapse of time and the presumption of the validity of the decree ripen into a practical adjudication of those rights." This argument is, in effect, that the decree had no binding effect at first but with the lapse of time will become binding. If this finding in the decree was not a cloud upon Emma J. Glos' title when the decree was entered, then the mere lapse of time would not prejudice her rights. If the law were otherwise, then no person's rights or property would be safe unless he made daily or weekly examinations of the decrees and judgments entered in the different courts having jurisdiction where his property was located, to see whether or not he was incidentally mentioned in such decrees and judgments. Such is not the law.

A cloud on a title is a semblance of a title, either legal or equitable, which, if valid, would affect or impair the title but which can be shown by extrinsic evidence to be

invalid. (*Allott* v. *American Strawboard Co.* 237 Ill. 55.) Where the title claimed is invalid on its face, so that it can never be successfully maintained, it does not amount to a cloud. "In such a case an action based on such invalid claim of title would fall of its own weight, without any proof in rebuttal. If the proceedings on which a claim is founded are on their face totally void, so that any person inspecting the record and comparing it with the law is at once apprised of the irregularity, there is no cloud. (Cooley on Taxation, 542.) If the instrument or proceeding is on its face plainly illegal or void there is no cloud, and there is no occasion for the interference of a court to nullify or set it aside." *Roby* v. *South Park Comrs.* 215 Ill. 200; *Pixley* v. *Huggins,* 15 Cal. 127; *Lawrence* v. *Zimpleman,* 37 Ark. 643; *Thompson* v. *Etowah Iron Co.* 91 Ga. 538; 2 Words and Phrases, 1234, and cases cited; Black on Tax Titles, (2d ed.) sec. 440.

The decree of October 16, 1909, in said foreclosure proceedings cannot be considered, standing by itself, in order to decide whether it is a cloud upon the title of appellant Emma J. Glos, but must be examined in connection with all the other pleadings in that case, both original and supplemental, for its force or lack of force can only be shown by a comparison with such other pleadings. Both the bill and cross-bill herein pray that all the proceedings in the foreclosure cause "be reviewed and reversed." "In England the decree embodies the substance of the bill, pleadings and answers. In the courts of the United States the decree usually contains a mere reference to the antecedent proceedings, without embodying them. But for the purpose of examining all errors of law, the bill, answers and other proceedings are, in our practice, as much a part of the record before the court as the decree itself, for it is only by a comparison with the former that the correctness of the latter can be ascertained." (Story's Eq. Pl.—10th ed.— sec. 407; *Dexter* v. *Arnold,* 5 Mason, 303.) It has been

repeatedly held by this court that a decree or judgment which finds that certain persons have been duly notified and made parties to the proceedings can be contradicted and overcome by other parts of the record proper, such as the summons on file; (*Spring Creek Drainage District* v. *Highway Comrs.* 238 Ill. 521, and cases cited;) that the record is construed and tried by itself. *Barnett* v. *Wolf,* 70 Ill. 76; *Harris* v. *Lester,* 80 id. 307.

Considering all the pleadings in said foreclosure proceedings along with said decree of October 16, 1909, it is clear that said decree could not bind or affect in any way the interests of Emma J. Glos, as the record shows that she was not a party to the proceedings, and further shows that it was alleged in the answer (in said foreclosure proceedings) of one of the defendants that the bill therein was defective because she was not made a party. These pleadings show clearly, on their face, that said decree, so far as it affected Emma J. Glos' interests, was totally void, so that any person "inspecting the record and comparing it with the law is at once apprised of the illegality." (2 Cooley on Taxation,—3d ed.—1448.) The foreclosure proceedings being invalid on their face so far as they attempt to affect the rights of Emma J. Glos, the decree in question is no cloud on her title and there is no occasion for equitable interference. "It would be idle to set in motion the machinery of the law to nullify that which appears on its own face to be null." (*Meloy* v. *Dougherty,* 16 Wis. 269.) The conclusion follows that Emma J. Glos not being prejudiced in any way is not entitled to maintain this bill of review, and the court rightly struck it from the files and dismissed the proceedings.

The argument of counsel that *Bruschke* v. *Der Nord Chicago Schuetzen Verein, supra,* is conclusive of their contention that the finding in the said supplemental foreclosure decree is a cloud upon the title cannot be sustained. In that case the original proceedings tended to show that the

Verein had been made a party thereto by a solicitor entering its appearance. It is very clear that from this entry of appearance and from the finding in the decree that the Verein had been served with process, an inspection of the original records in that case would indicate that the Verein was a party. The evidence showing that it was not made a party by entry of appearance was brought out on the hearing of the bill for review by evidence *dehors* the record in the original proceedings. In that case, under the authorities cited here, the original decree, taken in connection with the other pleadings, would be a cloud upon the title of the property of Der Nord Chicago Schuetzen Verein.

There is a further reason why the court's decree was proper. A bill of review for error apparent on the face of the record may be filed without leave of court. If the object of a bill is to impeach a decree for fraud it may also be filed without leave, it being regarded as an original bill in the nature of a bill of review. A bill of review, however, upon the ground of newly discovered evidence, cannot be filed without first obtaining leave, and such leave is necessary in cases where the two grounds, errors of law on the face of the record and newly discovered evidence, are joined. *Schaefer* v. *Wunderle,* 154 Ill. 577, and cases cited; *Acord* v. *Western Pocahontas Corporation,* 156 Fed. Rep. 989; *Cole* v. *Littledale,* 164 Ill. 630; *Adamski* v. *Wieczorek,* 170 id. 373; 3 Ency. of Pl. & Pr. 586.

Certain allegations of the original bill can only be established by extrinsic evidence, among others the following:

19. "The affidavit of Andrew M. Strong that Emma J. Glos was not the owner of said premises, or any of them, was false and untrue, and was not and is not binding upon your oratrix, Emma J. Glos."

29. "The affidavit of Clarence A. Lawson, dated August 31, 1908, as to service on Willis V. Elliott, is untrue, false and fraudulent."

It is not argued that these allegations charge fraud, but it is contended that they are preceded by the statement, "your oratrix alleges that in said record and proceedings aforesaid in the said case of the People of the State of Illinois *vs.* Lynden Evans there is manifest error apparent, in this, to-wit," and said allegations numbered 19 and 29, along with thirty-four other allegations, come under said heading, so that it is obvious that the pleader intended to allege that all of these thirty-six assignments of error were for errors apparent on the face of the record. We do not agree with this. But if it be conceded that said points 19 and 29 should be construed as referring only to errors apparent on the face of the record, there is another allegation which requires evidence *dehors* the record to sustain it which is not among the thirty-six enumerated points coming under said heading. Said allegation is as follows: "And your oratrix further shows unto your honors that it is fraudulently and falsely stated in said petition of B. H. Collier and S. B. Tefft, in the affidavit of Andrew M. Strong thereto attached, that your oratrix, Emma J. Glos, was not in truth and in fact the owner of said lots or any of them, or of any part or parts thereof, during the redemption period from December 8, 1906, to September 9, 1908, whereas your oratrix was during all of said period the owner of an undivided one-third interest in all of said lots, which was well known to the said Andrew M. Strong, who was during that time engaged in the practice of law in the city of Chicago, and who had access and knowledge of the existence of such deed by actual knowledge thereof, and also by reason of the fact that the same was on record in the recorder's office of Cook county, Illinois, as above described."-

Counsel for appellants concede that these allegations depend upon extrinsic evidence, but they further contend that even though it be admitted that such allegations do not refer to errors apparent on the face of the record or to fraud,

they obviated the objection thereto by offering, before the court struck the original bill and cross-bill from the files, to amend the original bill so as to show clearly that it was based only on errors apparent on the face of the record and for fraud in obtaining said decree. The offer to amend did not obviate the objection. In *Ricker* v. *Powell,* 100 U. S. 104, very similar questions were under consideration. It was there said (p. 109) : "It is contended, however, that the right to file a bill of review can only be denied when the bill is for newly discovered matter alone, and that as this bill is for errors of law as well as newly discovered matter, the refusal of leave was equivalent to the denial of a strict legal right, which did not in any manner depend on the discretion of the court. The proposition may with equal propriety be stated the other way, to-wit, that the right to file a bill of review without leave exists only when the bill is brought for error of law alone, and as this bill is for newly discovered matter as well as error of law, it can only be filed on leave, which rests in the sound discretion of the court. The application was for leave to file the bill as a whole and not in parts, and if, as a whole, it required leave, the part which, if it stood alone, could be put on file without, must stand or fall with the encumbrances that have been attached to it. This bill, as a whole, could only be filed with leave, and consequently as Ricker has, by the form of proceedings adopted, voluntarily waived his strict legal right to file for errors of law without leave, he must abide the rules applicable to cases where leave is required." Appellant Emma J. Glos having, as it were, taken the law into her own hands and filed a bill without leave, the court did not err in striking it from the files, even though in an amended form it might have been filed without leave. The rule requiring leave to be obtained when the bill sets up new matters not appearing on the face of the record, or for fraud, would be practically nullified if a bill filed without leave, containing all manner of improper allegations, could

by an amendment made after objections still remain on file as of the date when originally filed.

Counsel for appellants contend that this last question could only be raised by demurrer and not by motion. This is not the law. If a bill requiring leave is filed without leave having been first obtained, "it may be demurred to for irregularity or it may be ordered taken off the file, the application for which purpose is made by motion," etc. 2 Daniell's Ch. Pl. & Pr. (6th Am. ed.) 1579, and cases cited; *Buckingham* v. *Corning*, 29 N. J. Eq. 238; *Hodson* v. *Ball*, 11 Sim. Ch. 456; *Cole* v. *Littledale, supra;* 3 Ency. of Pl. & Pr. 589.

There remains to be considered the question whether the cross-bill of cross-complainant, Jacob Glos, was also properly stricken from the files and dismissed by the trial court. The general rule is that the dismissal of the original bill carries with it the cross-bill. (5 Ency. of Pl. & Pr. 662, and cases cited.) The original bill here having been dismissed for want of jurisdiction, the cross-bill must follow the fate of the original bill. *Dows* v. *City of Chicago*, 11 Wall. 108; *Day* v. *Bullen*, 226 Ill. 72; *Lowenstein* v. *Hooker*, 71 Miss. 102.

Counsel for appellants concede that the general rule is as above stated, but insist that that rule only applies when the cross-bill seeks relief by way of defense, and not where affirmative relief is sought as to collateral matters properly presented in connection with the original bill. (*Jessup* v. *Illinois Central Railroad Co.* 43 Fed. Rep. 483; Story's Eq. Pl.—10th ed.—sec. 399, and note.) On the facts before us the cross-bill here does not come within this exception to the general rule. But if it be granted that it comes within such exception, there is another sufficient reason why the cross-bill was properly dismissed on motion. If the cross-bill could stand after the original bill was dismissed it must be because, in legal effect, it is in its nature an original bill.

Necessarily, then, when filed as a bill for review the same rules would obtain as to securing leave of court. The cross-bill, as already stated, sets up facts showing newly discovered evidence, the same as did the original bill of appellant Emma J. Glos. The cross-bill set up also additional facts dependent upon newly discovered evidence *dehors* the record not found in the original bill, among others the following:

42. "The said tax sale was not conducted in the manner required by law, because the said real estate was not sold in its consecutive order."

47. "Diligent search and inquiry was not made as to the owners or occupants not served with notice on the terms required by law on owners and occupants."

If this be considered an original bill, the allegations of newly discovered evidence being united with the allegations as to errors apparent on the face of the record, leave must have been first obtained before it was filed. Such leave not having been obtained, it was properly dismissed on motion.

Counsel for appellants further contend that the bill and cross-bill should not have been stricken on motion of appellee Tefft, because it was apparent from the demurrers filed by certain of the appellees, as well as by the motion of said Tefft to dismiss, that she had no interest in said property, having transferred her rights to other appellees. The amended bill and cross-bill made appellee Tefft a party, alleging that she had certain interests. As the court had not made any finding to the contrary she was entitled to make the motion to strike.

Many other points are raised and argued in the briefs which it is unnecessary to consider or decide.

The decree of the circuit court will be affirmed.

*Decree affirmed.*