JACOB GLOS, Appellant, *vs.* E. M. MILLER *et al.* Appellees.

*Opinion filed June 22, 1916.*

1. BILLS OF REVIEW—*who may file a bill of review.* No person except the parties to the suit and their privies in representation, such as heirs, executors and administrators, can maintain a bill of review, strictly so called, and all other persons in interest and in privity of title or estate who are aggrieved by the decree may maintain an original bill in the nature of a bill of review so far as their own interests are concerned, although they cannot do so if they are not aggrieved by the particular error assigned on the decree.

2. SAME—*party who has had case reviewed on writ of error not entitled to maintain bill of review.* One who has had a decree reviewed on writ of error and the record has been found to be free from error cannot thereafter maintain a bill in equity to review the same decree whether the decree was affirmed or the writ of error dismissed, and particularly where the bill is founded on an error apparent on the face of the record.

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

JACOB GLOS, *pro se.*

ROBERT ZALESKI, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Jacob Glos, appellant, filed a bill of review in the superior court of Cook county against appellees to review the record in the case of O. C. Miller *vs.* E. M. Miller *et al.*— a partition proceeding in which a decree had been entered in said superior court on January 4, 1913. Jacob Glos had been made a defendant in the partition suit at his own instance but the bill was dismissed as to him. The bill in this case recites the former proceeding for partition, sets out the bill, the several answers filed, the orders entered by the court and the process and final decree. In addition to setting out the record the bill in this case alleged that appellant had an interest in the premises sought to be partitioned by the former bill by reason of certain tax deeds held by him, and that said interest was well known to the complainant in the former bill at the time said partition suit was filed and also to his solicitor. It is also charged in the bill that the said O. C. Miller and others obtained said decree in partition fraudulently and for the purpose of concealing the fact of the entry thereof from the appellant, and with a fraudulent purpose and intention of securing an adjudication of the rights of appellant in said premises. All the parties to the bill for partition were made parties to this bill of review. Summons was issued and returned served on O. C. Miller and it was returned "not found" as to the other defendants. O. C. Miller filed his special appearance and moved the court to strike the bill of review from the files. The bill was then dismissed as to O. C. Miller for the alleged reason that Miller had conveyed his title to the premises to L. S. Plane and C. F. Belyea, two of the appellees in this case. Plane and Belyea then filed their special appearance and also filed a motion to strike the bill from the files, and subsequently filed a demurrer to the bill. An affidavit was filed in support of the motion to strike the bill from the files, in which it was averred that the proceedings here sought to be reviewed had already been re-

viewed by the Supreme Court on a writ of error sued out by Jacob Glos and that said writ of error had been dismissed in the Supreme Court. The court sustained the demurrer and granted the motion to strike the bill from the files, and appellant brings the record here for review.

It appears from the record that when the case of O. C. Miller against E. M. Miller was filed, as aforesaid, for partition, appellant was not made a party to that proceeding. He entered his appearance therein as a defendant under the designation of one of the unknown owners mentioned in said bill, and the complainant, over appellant's objection, dismissed the bill as to him and a decree for partition was rendered according to the prayer of the bill. The appellant brought the case to this court on a writ of error, contending that he was a necessary party to the partition proceeding, and urged a reversal of the decree. In dismissing his writ of error this court held that he was a proper party but not a necessary party to the proceeding for partition, and, inasmuch as he had not filed a cross-bill, that the complainant had a right to dismiss as to him, and that since he was not a party to the proceeding the decree in that case was in no way binding on him and did not affect his interest, and that therefore he was not entitled to review the record by writ of error. (*Miller* v. *Miller,* 263 Ill. 18.) Appellant is not in privity with any party affected by said decree in partition. The condition of the record in that suit is such as to preclude any party therein from insisting that appellant was a party to that suit under the designation of an unknown owner, and it is alleged in appellant's bill of review that he was a known claimant of an interest in said premises. His interest, therefore, can in no way be affected by the decree in the partition suit. The appellant does not allege in his bill any newly discovered evidence and insists in his argument that his bill is not founded on newly discovered evidence. The general rule is, that no person, except the parties and their privies in representation, such as heirs,

executors and administrators, can have a bill of review, strictly so called. Other persons in interest and in privity of title or estate who are aggrieved by the decree, such as devisees and remainder-men, are entitled to maintain an original bill in the nature of a bill of review so far as their own interests are concerned. Even persons having an interest in the cause, if not aggrieved by the particular errors assigned in the decree, cannot maintain a bill of review, however injuriously the decree may affect the rights of third persons. Story's Eq. Pl. (8th ed.) sec. 409; 16 Cyc. 521; *Goodrich* v. *Thompson,* 88 Ill. 206; *Glos* v. *People,* 259 id. 332.

Another fatal objection to appellant's right to maintain his bill of review is, that the record sought to be reviewed was considered by this court on a writ of error sued out by this appellant and after due consideration thereof the writ was dismissed. This court has repeatedly held that where the record of a cause has been reviewed by it on appeal or writ of error and found to be free from error it will not be again reviewed on a bill of review where such bill of review is filed by the same party who was appellant or plaintiff in error in the former proceeding. (*Schaefer* v. *Wunderle,* 154 Ill. 577; *Hultberg* v. *Anderson,* 252 id. 607; *Harrigan* v. *County of Peoria,* 262 id. 36.) The rule is the same on a dismissal of a writ of error as it is on an affirmance of the original judgment or decree. (*Hall* v. *Huff,* 76 Ga. 337.) This rule is particularly applicable where the bill is founded on error apparent on the face of the record, and appellant insists in his argument that his is such a bill.

As appellant had no right to file his bill of review it is not necessary or proper to consider the other points argued in the briefs.

The decree of the superior court is affirmed.

*Decree affirmed.*