## Commonwealth v. Silverman.

*John G. Love,* district attorney, for Commonwealth.

*Samuel Silverman,* of the Allegheny County Bar, for defendant.

FLEMING, P. J., August 4, 1930.—This matter is before the court on motion by defendant in arrest of judgment and for a new trial. The defendant was

convicted of forgery and uttering forged instruments, to wit, a certificate of graduation from the Bellefonte Academy and a personal qualification blank for entrance to Ohio State University. The prosecutor is James R. Hughes, headmaster of the Bellefonte Academy, an accredited preparatory school, located at Bellefonte, Pennsylvania.

The Act of March 31, 1860, P. L. 382, section 169, provides that "If any person shall fraudulently make, sign, alter, utter or publish, or be concerned in the fraudulently making, signing, altering, uttering or publishing any written instrument, other than notes, bills, checks or drafts already mentioned, to the prejudice of another's right, with intent to defraud any person or body corporate, or shall fraudulently cause or procure the same to be done, he shall be guilty of a misdemeanor and, on conviction, be sentenced to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment, by separate or solitary confinement at labor, not exceeding ten years."

It is to be noted that forgery is the fraudulent making or altering of a writing to the prejudice of another's right. The intent to defraud would not be sufficient, unless it could be shown that someone would be in fact defrauded. It is not necessary, however, that some definite person should be in the view of the forger as the one whose right is to be prejudiced: McClure v. Com., 86 Pa. 353. But it must be to the prejudice of another's right. If the fraudulent making or uttering of an instrument inures only to the prejudice of the rights of the person so fraudulently making or uttering the same and does not prejudice the rights of any other, an essential is lacking and it is not forgery. The making of a guaranty with the name of another to it, without his consent, is not a crime unless the merchant to whom it is addressed actually sells goods in reliance upon it: Com. v. Fagan, 12 Pa. C. C. 613.

The defendant was accused of having fraudulently made and uttered a certificate of graduation from the Bellefonte Academy as well as a personal qualification blank for the purpose of effecting his admission to the Ohio State University. We fail to find from the testimony that either the certificate of graduation or the personal qualification blank was used, or attempted to be used, for any other purpose. We find, further, from the testimony, the very significant fact that the defendant was not admitted to Ohio State University, or elsewhere, by virtue of the alleged fraudulent instruments or otherwise. That the alleged fraudulent purpose was thwarted by the prosecutor is not material.

No right of the Ohio State University was prejudiced, for it did not admit the boy. No right of the Bellefonte Academy, from whom the alleged fraudulent instruments purported to come, was prejudiced, for the boy was not admitted to any institution of learning by virtue of such instruments or otherwise. That, as the prosecutor testified at the trial, the admission of the boy to an institution of learning and his subsequent failure in his studies would have reflected upon the alleged issuing institution and caused it to lose prestige among those rating the various preparatory schools is not material, for such did not happen. Nor is it material that it was through the prosecutor's efforts that it did not happen. Defendants are not convicted on probable consequences but upon actual happenings. The certificate and personal qualification blank were merely alleged guaranties of defendant's fitness for advanced educational pursuits, and inasmuch as no faith or credit was extended by virtue of the same, the crime has not been made out: Com. v. Fagan, 12 Pa. C. C. 613. See, also, Miller v. Rittinger, 2 Pears. 351; Gaertner v. Heyl, 179 Pa. 391.

Nor are we convinced that had the defendant been admitted to an advanced institution of learning and had, after such admission, failed, either mentally or morally, to have complied with the required standards of such institution, and, further, that had the prosecutor been rated unfavorably by those rating schools of his sort, by reason of such mental or moral failure by the defendant, a crime such as has been charged would have existed. Prejudice has been defined in Glos v. People, 102 N. E. 763, cited in defendant's brief, as follows: "A person is prejudiced in a legal sense when a legal right is invaded by any act complained of or his pecuniary interest is directly affected by a decree or judgment." We, therefore, are of the opinion that had the defendant been admitted to an institution of higher learning by virtue of such alleged fraudulent instruments, and had subsequently failed, either mentally or morally, it would have been the duty of the Commonwealth to have shown the invasion of an actual existing legal right of the prosecutor or a definite and actual financial loss to the prosecutor of which the making and uttering of the alleged fraudulent instruments were the proximate cause, before the essential of "the prejudice of another's right" could be held to have been established. Injured feelings, damaged pride or indignation at the misconduct of an erring student do not constitute in the strict legal sense such prejudice of another's right.

We are not condoning the alleged acts of the defendant, but we must seek and determine whether the essentials of the crime charged appear upon the face of the record. We are of the opinion here that the person prejudiced was the defendant himself and none other. He may have felt that by inducing an institution to admit him by falsifying his qualification certificates he was easing his way to fame and fortune, but, on the contrary, he was in reality fooling no one but himself. Athletics may have been the alluring serpent, but such conduct is evidence that he has overlooked the essential principles of good sportsmanship and its never-changing urge—it is not whether you have won or lost but how you have played the game. We are compelled to look at these several motions now before us through the unbiased eyes of legal interpretation. We must apply the rules of the game of justice, and doing so, we find the defendant to be saved by those very rules which he sought to avoid— justice and fair play.

The contention of the defendant's counsel as to the situs of the crime, if standing alone, would not work his discharge. While there may have been no evidence of the uttering of the alleged instruments in Centre County, the Commonwealth's case showed their making at the Bellefonte Academy. The contention of defendant's counsel would eliminate only the second and fourth counts of the indictment. One can be convicted of the fraudulent making though he is not shown to have uttered: Com. v. Hall, 24 Pa. Superior Ct. 558.

We are of the opinion, for reasons stated above, that the essential element of the crime charged—"to the prejudice of another's right"—has not been shown, and that, therefore, the motion in arrest of judgment should be allowed and the defendant discharged.

And now, August 4, 1930, the motion in arrest of judgment is allowed and the defendant discharged. Costs to be paid by the County of Centre.

From S. D. Gettig, Bellefonte, Pa.