# CHARLESTON

MACKEY *v.* MAXIN *et al.*

Submitted June 17, 1907.    Decided November 26, 1907.

1. QUIETING TITLE—*Removal of Cloud—Possession.*

Mere constructive possession of land, accorded by law to him who has good title thereto, as a legal presumption, is not such possession as is required on the part of one who invokes equity jurisdiction to remove cloud from the title. He must have actual possession of the land in the sense of having a *pedis possessio* thereon. (p. 16.)

2. EQUITY—*Bill of Review.*

A bill in the nature of a bill of review cannot be maintained by one who was not a party to the suit in which the decree, reversal or annulment whereof is sought, was made. (p. 16.)

Appeal from Circuit Court, Barbour County.

Bill by Laco Mackey against Wright Maxin and others. Decree for defendants, and plaintiff appeals.

*Affirmed.*

J. HOP WOODS and W. T. GEORGE, for appellant.

WM. S. O'BRIEN and U. G. YOUNG, for appellees.

POFFENBARGER, JUDGE:

Laco Mackey, having legal title to land and claiming actual possession thereof, instituted a suit in equity in the circuit court of Barbour county against a number of per-

sons, to set aside a decree under which it had been sold, in a suit to which he was not a party as well as the deed of the commissioner who made the conveyance, pursuant to the judicial sale, and other subsequent deeds. On final hearing, the court dismissed the bill, for want of equity, reserving to the plaintiff the right to sue at law, and, from this decree, he has appealed.

The facts developed are about as follows: Cora D. Love, owning two tracts of land, containing, respectively, 12 acres and 97 poles and 31 acres and 37 poles, conveyed the same to Sarah F. Fronsman, by deed dated April 15, 1897, in which she reserved a lien for $357.50 of the purchase money; and Sarah F. Fronsman, by deed dated December 6, 1897, conveyed the same to Mackey. On the 13th day of June, 1898, the lien remaining unsatisfied, Cora D. Love instituted a suit to enforce the same, making only Sarah F. Fronsman and Oscar F. Hodges, assignee of one of the purchase money notes, parties thereto, and caused the land to be sold to Arnett Love, husband of Cora D. Love, in February, 1899, under a decree made at the October term, 1898. On the 2nd day of September, 1899, W. T. Ice, Jr., the special commissioner who made the sale, and Arnett Love, the purchaser, and his wife, executed a deed, conveying the land to J. E. Maxin, who, on September 5, 1899, conveyed the coal under the smaller tract to John K. Shaw, trustee, and on the 4th day of January, 1901, the land, less the coal, to Albinus and Nathan Love, who, on the first day of November, 1901, conveyed it to Morgan L. Burner. On the 28th day of October, 1902, Shaw conveyed the coal, so held by him, to the Indian Fork Coal and Coke Company. Maxin, still owning the larger tract, died in February, 1905, leaving Wright Maxin as his only heir. The plaintiff had a tenant on the larger tract of land at the time Maxin bought, under a two year lease, but he abandoned it long before the institution of this suit. Maxin had taken possession before Mackey's tenant left, and continued in possession until his death and his son put a tenant on the land, after his death. Burner took possession and held the smaller tract, except as to the coal. When this suit was instituted, therefore, Mackey had not a shadow of possession. His tenant had left, the lease had expired, and Maxin had posses-

sion of one tract and Burner of the other, except as to ·the coal, which was not ·in the actual possession of anybody, or, if anybody, of Burner.

Want of equity was the manifest reason for the dismissing of the bill, it being a bill to remove cloud from title by a person not in possession of the land. At the time of the institution of the suit, he had no actual possession of any part of either tract, no *pedis possessio,* no actual foothold thereon. Not pretending to have had, he relies upon constructive possession, accorded by the law to him who has perfect legal title. But such possession does not confer jurisdiction in equity to remove cloud from title. To obtain a footing in equity for that purpose, the plaintiff must show his inability to sue at law because of his own occupancy of the land, it being impossible for him to sue himself and there being no other person in possession. *Carroll* v. *Brown,* 28 Grat. 791; *Steinman* v. *Vicars,* 99 Va. 595. Possession by a tenant would suffice, for his possession is that of the landlord, but mere constructive possesssion is insufficient. To a person claiming good title,· but not in actual occupation of the land, the law gives ejectment as a remedy against any other person out of possession· and claiming title to the same land. Code, chapter 90, section 5; *Postlewaite* v. *Wise,* 17 W. Va. 1; *Harvey* v. *Tyler,* 2 Wall. (U. S.) 328; *Mitchell* v. *Baratta,* 17 Grat. 445.

Not only want of jurisdiction in equity, but also adequacy of the legal remedy, as the reason therefor, when the plaintiff, seeking removal of cloud from title, shows himself to be out of possession of the land, has been decided several times by this Court, and must be regarded as settled law. *Moore* v. *McNutt,* 41 W. Va. 695; *Clayton* v. *Barr,* 34 W. Va. 370. See also *United States* v. *Wilson,* 118 U. S. 86; *Carrington* v. *Otis,* 4 Grat. 235; *Baker* v. *Briggs,* 28 S. E. 277.

Effort is made in argument to bring the case within the doctrine of *Yock* v. *Mann,* 57 W. Va. 187, but the status of the plaintiff here differs materially from that of Mrs. Yock. She, as well as the purchaser, had been a party to the former suit in which the sale complained of had been made. The confirmation of the sale to Mann was an erroneous adjudication against her, apparent on the face of the record,

in this, that Mann, the purchaser, had previously conveyed the property to Mrs. Yock, warranting generally the title, and then, in violation of his covenant, had acquired the title by purchase at the judicial sale, the result of which action was, that, by force of the warranty, that after acquired title passed immediately to Mrs. Yock by estoppel. *White* v. *Summerfield*, 54 W. Va. 311, pt. 8 syl. His covenant of warranty was disclosed by the record, and the commissioner's report of sale, confirmed by decree, disclosed his new acquisition of title to the same land by virtue of a defect against which he had warranted, in view of which the court should have directed a deed to be made to Mrs. Yock instead of Mann, and Rease having taken the purchase from Mann by assignment and with notice was in no better position than he. *Clark* v. *Sayers*, 55 W. Va. 512; *Burtners* v. *Keran*, 24 Grat. 42; *Carver* v. *Jackson*, 4 Pet. 86; *Myers* v. *Croft*, 13 Wall. 291; *Irvine v. Irvine*, 9 Wall. 618. The bill afterwards filed by Mrs. Yock was in the nature of a bill of review for error apparent, for which there was jurisdiction, not a mere bill to remove cloud, for which there was none, she having been out of possession. A bill of review can be filed only by a party to a suit in which the decree was made, correction whereof is sought, or some person who was privy thereto. *Chancellor* v. *Spencer*, 40 W. Va, 337; *Amiss* v. *McGinnis*, 12 W. Va. 371. As Mackey sustained no such relation to the suit in which his land was sold, the decision relied upon is inapplicable. *Voss* v. *King*, 33 W. Va. 236, is no authority for the position that a landlord has possession of land after his lessee has left it and his lease has expired. In that case, the tenant, still in possession, was attempting to deny the title of his landlord. Nor does *Wilson* v. *Braden*, 56 W. Va. 372, or any of the other cases relied upon for it, assert such doctrine.

Seeing no error in the decree, we affirm it.

*Affirmed.*