# CHARLESTON.

EARL *et al.* v KEENAN *et al.*

Submitted September 9, 1909.   Decided February 28, 1911.

QUIETING TITLE—*Pleading—Possession.*

> Allegation of actual possession in the plaintiff and proof of that possession when the allegation is denied are essential to jurisdiction in equity of a suit to remove cloud on title.

(BRANNON, JUDGE, absent.)

Appeal from Circuit Court, Randolph County.

Bill by Charles H. Earle and others against Lizzie I. Keenan and others. From a decree dismissing the bill, plaintiffs appeal.

*Modified and Affirmed.*

*W. B. Maxwell* and *J. F. Harding,* for appellants.

*Jared L. Wamsley,* for appellee, Lizzie I. Keenan.

ROBINSON, JUDGE:

The record discloses that this suit in equity is distinctly one seeking the removal of cloud on title to land. The bill and supplemental bill, or bill of revivor, show no other object and pray especially for that relief. These bills make only that character of case. They aver that the original plaintiff held the title and possession, that the present plaintiffs hold the same, and that defendants hold invalid conveyances which are clouds on the title of plaintiffs. Defendants by answers aver the title and possession of the land to be in them. Depositions relative to this issue were read. The circuit court found for the defendants and dismissed the bills.

An essential to jurisdiction in equity for such a suit is allegation of possession in the plaintiff and proof of that possession when the allegation is denied. To hold such suit in the equity forum, a plaintiff must prevail as to the fact that possession is in him. It is that fact which makes the suit cognizable in equity. If the possession which plaintiff alleges is denied by defendant, and plaintiff fails in proof of possession, equity has nothing more to do with the suit. It will not pass on alleged invalidity of title papers to the land when it does not appear that plaintiff is entitled to that relief by virtue of actual possession. It will not exercise jurisdiction when an essential of jurisdiction has not been established. *Land & Mining Co.* v. *Jones,* 65 W. Va. 59; *Mackey* v. *Maxin,* 63 W. Va. 14; *Poling* v. *Poling,* 61 W. Va. 78; *Whitehouse* v. *Jones,* 60 W. Va. 680; *Logan* v. *Ward,* 58 W. Va. 366; *Hitchcock* v. *Morrison,* 47 W. Va. 206; *Moore* v. *McNutt,* 41 W. Va. 695; and many other cases. In the case last cited, Judge BRANNON, speaking of chancery says: "It will not help one who has legal title, and is out of actual possession, against an adversary claimant in possession, because there is adequate remedy by ejectment."

Equity jurisdiction was not established in this case. The fact was not proved that the original plaintiff in the suit had actual possession of the land at the time the suit was instituted. The evidence as to the plaintiff's possession of the lot is uncer-

tain and indefinite indeed. In any view, that evidence is not directed to the time the suit was begun. Besides, only one witness speaks as to the possession of plaintiff, and that witness is directly contradicted by a witness who testifies that the principal defendant has been in actual possession of the land continuously for many years. The case wholly failed in the essential of showing actual possession of the plaintiff at the time the suit was instituted.

Because jurisdiction has not been established by proof of actual possession in the plaintiff, the court could not properly pass on the question of plaintiff's title, nor on the question of the validity or invalidity of the title claimed by defendants. But the decree is an absolute one. Its effect is to adjudicate that defendants have title to the land. To such extent the equity court, without actual possession in plaintiff, had no jurisdiction to go. Therefore, we must modify this decree by a provision that the dismissal of the suit be without prejudice to any proper action at law. As so modified the decree will be affirmed, with costs to the appellee.

*Modified and Affirmed.*