# CHARLESTON.

GRASS *et al.* v. BEARD,
and
GRASS *et al.* v. JOHNSON.

Submitted November 25, 1913.    Decided December 2, 1913.

QUIETING TITLE—*Right of Action—Possession.*

Generally, one not in actual possession of land can not maintain a suit in equity to remove cloud from the title thereto.

73 W. Va.

Appeal from Circuit Court, Boone County.

Two suits, both by G. W. Grass and others, one against J. F. Beard, the other against one Johnson. Both suits were dismissed, and plaintiffs appeal.

*Affirmed.*

*W. L. Ashby,* for appellants.

*Leftwich, Byrnside & Shaffer,* for appellee.

ROBINSON, JUDGE:

These two cases properly come on to be heard together. They are chancery suits by the same plaintiffs in each against different defendants in each. But they both have the same object—the removal of cloud from the title of plaintiffs—the removal of defendants' claims of title through deeds from the commissioner of school lands. One suit relates to plaintiffs' alleged title to a parcel of about five acres of land; the other to plaintiffs' alleged title to a severed estate in coal. Both were dismissed at the hearing by the court below, without prejudice.

It is plainly shown by the records that the decrees are right. Generally, one can not by a suit in equity remove cloud from the title to land unless he alleges and proves that he is in possession of the land at the time the suit is brought. That fact is one necessary to jurisdiction in the court of chancery. If it does not exist, the law forum is open for the action of ejectment. "Allegation of actual possession in the plaintiff and proof of that possession when the allegation is denied are essential to jurisdiction in equity of a suit to remove cloud on title." *Earl* v. *Keenan,* 68 W. Va. 732. Now, in these cases plaintiffs allege that they were in actual possession of the five acres of land and of the severed estate in the coal, and the answers deny that plaintiffs were in such actual possession. To maintain the jurisdiction it was then incumbent on plaintiffs to prove that they were actually in possession. In this they failed. It is clear that they were not, at the institution of their suits, in actual possession either of the five acres or of the coal. The proof is against them.

As to the five acres the evidence clearly shows that defendant Beard, who now claims to own the parcel, was in actual

possession and occupancy of the same when plaintiffs' suit in relation to the parcel was brought.

In the case in relation to the estate in the coal, we do not find it proper to decide whether plaintiffs have become the owners of that estate by adverse possession or not, as they claim to have become. We can not herein determine what constitutes an adverse holding by the surface owner of a severed estate in coal underlying the surface. But certain it is that plaintiffs do not prove that at the time they sought the aid of the court of equity they were in actual physical possession of the coal. The mere presence of an open bank in the coal from the surface which they own does not alone give them actual possession of the coal. Nor does the fact that they and those under whom they hold the surface long mined the coal for home use show them still to be in possession of it, even if the intermittent and desultory mining shown to have been done by them ever constituted actual possession as against the owner of the severed estate in the coal. Plaintiffs do not show that such mining continued to the time when they instituted the suit. Indeed the contrary appears from the record. Moreover, there is evidence that plaintiffs have been ousted by defendant Johnson from any possession that they ever had of the coal.

Orders affirming the decrees will be entered.

*Affirmed.*