# CHARLESTON.

ANN WOODRUM et al. v. IRA D. PRICE et al.

(C. C. No. 377)

Submitted January 19, 1926.   Decided January 26, 1926.

1.  PARTITION—*On Showing That One of Forms of Cotenancy in Land, Mentioned in Statute, Exists Between Parties, Court Has Jurisdiction of Partition Siut.*

    Under Section 1, Chapter 79, Code, the test of jurisdiction in a partition suit is the relationship of the parties to the land sought to be partitioned. If it appears that one of the forms of cotenancy in such land exists between the parties, as is mentioned in the statute, the court has jurisdiction. (p. 641).

    (Partition, 30 Cyc. p. 188.)

2.  EQUITY—*Bill Showing That Two Defendants Claim in Severalty Separate Parts of Land in Question Held Not Multifarious.*

    The fact that the bill in a partition suit shows that two of the defendants claim in severalty separate parts of the land sought to be partitioned, does not render such bill multifarious.   (p. 643).

    (Equity, 21 C. J. § 309.)

3.  PARTITION.

    Point 1 of the syllabus in *Cecil* v. *Clark,* 44 W. Va. 659, applied.   (p. 642).

    (Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Questions from Circuit Court, Boone County.

Suit by Ann Woodrum and others against Ira D. Price and others for partition.   After sustaining a demurrer to plaintiffs' bill, the court certified questions.

*Ruling reversed.*

*John B. Hager* and *Thomas Coleman,* for plaintiffs.

*Murphy & Bratton,* for defendants.

HATCHER JUDGE:

This is a partition suit brought in the circuit court of Boone County.

The bill alleges that Benjamin Price, who was the father of the plaintiffs, was the owner of a twenty-five acre tract of land; that he died intestate, that immediately following his death two deeds were found among his papers; that one of these deeds conveyed to his son, the defendant Ira Price, about twenty-three acres of the twenty-five acre tract, and that the other deed conveyed to his daughter, the defendant Ella Price, about two acres of the twenty-five acre tract; that these two deeds were not delivered during the life of Benjamin Price, but were abstracted from among his papers two days after his death and entered of record by Ira Price and Ella Price, respectively, or someone for them,· and are therefore void; that Ira Price and Ella Price have had possession of these two tracts since 1916, and have made certain leases and conveyances thereof, and have sold certain rights of way thereon. The bill prays, on behalf of all the heirs of Benjamin Price, except Ira and Ella Price, that the said deeds to the latter two be set aside, that partition, etc., be had of the said twenty-five acre tract, and that an accounting and division of the profits derived therefrom since the death of Benjamin Price be made.

A demurrer to the bill was sustained by the circuit court, who certified to this court for its decision the following questions:

1. Does Section 1, Chapter 79 of the Code confer jurisdiction upon a court of equity to try and determine the rights of the demurrants who claim the whole of the land adversely to the plaintiffs who are out of possession and seek to have the deeds under which the defendants claim cancelled on a question of fact susceptible of determination by a jury, and after the cancellation of said deeds to have partition of the whole of said land so claimed by the said defendants?

2. Does the plaintiff's bill of complaint present a cause of action of which a court of equity has jurisdiction?

3. Is the bill bad on the ground of multifariousness?

1.

It is settled law that an undelivered deed found among the private papers of a decedent is not his deed, and passes no title to the grantee. *Lang* v. *Smith,* 37 W. Va. 725; *Gaines* v. *Keener,* 48 W. Va. 56; *Mumpower* v. *Castle,* 128 Va. 1. Under the allegations of the bill, the respective deeds to the defendant grantees are invalid, and the plaintiffs are cotenants with the grantees in respect to the lands which the deeds purport to convey. The fact that the plaintiffs are not in actual possession of this land and that the defendant grantees hold and claim it adversely, is not a determining factor in the question of jurisdiction. Under the West Virginia statute possession by the plaintiffs is not a jurisdictional requirement. The sole test of jurisdiction in our statutory partition is the relationship of the parties to the land sought to be partitioned.

The allegations of cotenancy having conferred jurisdiction, the court in the exercise of such jurisdiction may by the express authority of the statute take cognizance of all questions arising as to the validity of the respective deeds to the defendant grantees. No further exposition of the statute in this respect is necessary than is made by Judge Cox in his able opinion in *Smith* v. *Vineyard,* 58 W. Va. 98, from which we quote

> "If it appears, as a jurisdictional fact, in a suit in equity for partition, that the party or parties asking partition, and the party or parties against whom partition is asked, are tenants in common, joint tenants or coparceners in the real estate sought to be partitioned, and as such compellable under the statute to make partition, the circuit court has power incident to its jurisdiction, to pass upon all conflicting claims to the title to such real estate of the parties so compellable to make partition, arising in the suit. If the jurisdictional fact, viz: the existence of one of the forms of cotenancy mentioned appears, the jurisdiction of the court is not defeated by the claim of one or more of the defendants that the fact does not exist. One of the defendants may claim the whole of

the real estate sought to be partitioned, and may claim to have ousted the other and to be in sole possession, yet if the fact appears that one of the forms of co-tenancy mentioned actually exists, the court may pass upon the conflicting claims to title of the co-tenants as long as the plaintiff's right of entry is not barred by the statute of limitations. *Cecil et al.* v. *Clark et al.*, *supra; Hudson* v. *Putney, supra; Carberry et al.* v. *W. Va. & P. R. Co.*, *supra; Davis* v. *Settle*, 43 W. Va. 17; *Pillow* v. *Southwest Improvement Co.*, 92 Va. 144 (23 S. E. Rep. 32); Code, chapter 79, section 1.

Consequently, we answer the first interrogatory of the circuit court in the affirmative.

2.

The distinction between proceedings in partition prior to, and subsequent to our statute thereon, is carefully drawn by Judge BRANNON in the opinion in *Cecil* v. *Clark* 44 W. Va. 659, which see at pages 663 and 664. Judge BRANNON states that the object of the statute was "to give power to do just what the court had not till then been able to do—pass on the title as between the parties interested under the common title." He further insists that the statute "surely does mean that an adverse claim to the same title may be passed upon." The conclusion of the court as expressed in section 1 of the syllabus is:

"The fact that one tenant in common has been ousted by another in sole possession, claiming the whole under conveyance from another co-tenant, will not debar a court of equity from jurisdiction in partition, so long as the right of entry is not barred by the statute of limitations. They are still co-tenants for the purpose of partition, under section 1, chapter 79, Code 1891. In such suit the court may pass on the adverse right claimed by the co-tenants." (p. 663.)

The parties hereto are *interested under the common title* which they have derived from Benjamin Price. The claims

advanced by the defendant grantees are merely the adverse claims of co-tenants.

*Carberry* v. *Ry. Co.* 44 W. Va. 260, relied on by demurrants is not applicable to this case. In that case the adverse claim was not that of a co-tenant, under a common title, but that of a stranger, claiming under a title different from and adverse to the one under which partition was sought. The distinction in such cases is succintly expressed in Pt. 5 of the Syllabus in *Davis* v. *Settle*, 43 W. Va. 17.

The grantor herein died in 1916, and the suit was instituted in 1925. The right of entry of the plaintiffs is not barred by the statute of limitations.

We therefore answer the second question of the circuit court in the affirmative.

### 3.

The fact that there are two deeds for two separate tracts of land, to different persons, does not render the bill multifarious. A bill for partition was upheld in *Arnold* v. *Arnold*, 11 W. Va. 449, wherein the plaintiffs sought to partition the land embraced in six several deeds made by a common grantor to six different grantees. In *Dupue* v. *Miller*, 65 W. Va. 120, a proceeding against two separate tracts claimed by different persons was held not multifarious. The opinion states:

> "Multifariousness, charged against the bill, would preclude an adjudication on the merits, if sustained, but we are of the opinion that the plaintiffs could properly proceed against both tracts of land in one suit. Their demand as to each is founded upon the same title, and the primary relief sought as to each is the same. The differences relate merely to the parties defendant and the subsidiary or sequential matter of accounting."

The reasoning in that case applies with equal force here and meets the rules compiled by Hogg in his Eq. Pl. & Pr. par. 152, and the rule formulated by Story in his Eq. Pl., par. 534, which latter is as follows:

> "Where the interests of the plaintiffs are the same, although the defendants may not have a co-

extensive common interest, but their interests may be derived under different instruments, if the general objects of the bill will be promoted by their being united in a single suit, the court will not hesitate to sustain the bill against all of them.''

We accordingly answer the third question of the circuit court in the negative.

We are of opinion that the circuit court erred in sustaining the demurrer to the bill and its ruling thereon is reversed.

*Ruling reversed.*