# CHARLESTON.

PAYNE, MALCOLM & GALLAHER *v.* B. F. FITZWATER *et als.*

(No. C. C. 393)

Submitted January 13, 1927. Decided January 18, 1927.

1. QUIETING TITLE—*Constructive Possession, Accorded to Possessor of Good Title, is Not Sufficient As Basis for Removing Cloud From Title. (Code, c. 90, § 5.)*

   Mere constructive possession of land, accorded by law to him who has good title thereto, as a legal presumption, is not such possession as is required on the part of one who invokes equity jurisdiction to remove cloud from the title. (p. 14).

   (Quieting Title, 32 Cyc. p. 1339.)

2. EQUITY—*Question Concerning Realty, Depending on Construction of Deed, is Proper Subject for Court of Law.*

   A question concerning real property, depending upon the construction of a deed, is a proper subject for a court of law. (p. 14).

   (Equity, 21 C. J. § 39 [Anno].)

3. QUIETING TITLE—*Bill to Quiet Title Held Insufficient on Demurrer For Want of Equity Jurisdiction.*

   A bill to which the demurrer thereto was properly sustained for want of equity jurisdiction. (p. 14).

   (Quieting Title, 32 Cyc. p. 1349.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Suit by Payne, Malcolm & Gallaher against B. F. Fitzwater and others to quiet title and for other reasons. After sustaining a demurrer to the bill, the trial court certified its ruling.

*Ruling affirmed.*

*A. N. Breckenridge* and *W. E. R. Byrne,* for plaintiffs.
*G. G. Duff* and *Emmett Horan,* for defendants.

WOODS, JUDGE:

This cause involves the sufficiency of a bill on demurrer. The circuit court of Nicholas county sustained the demurrer and certified its ruling to this Court for review.

The bill, in substance, alleges that Jefferson and John A.

Grose, owners, in fee, of a tract of 1800 acres of land in Jefferson district, Nicholas county, did convey to T. S. Robson, plaintiffs' predecessor in title, by deed bearing date of September 9, 1872, 1200 acres of said tract in fee, ''together with the coal and mineral on all the lands which the said Jefferson and John A. Grose reserves and lives on, excepting 200 acres of which 100 acres is to be on the land owned and reserved by Jefferson Grose and 100 acres on the land of John A. Grose'', and providing in said deed that: ''It is also hereby understood and agreed upon that the 200 acres of minerals reserved by the said Jefferson and John A. Grose shall be laid off, beginning at the lower end of the said Jefferson Grose tract and extending up on each side of the said left hand fork of Line creek including the bottom and cleared land and back for quantity.'' The bill further alleges that plaintiffs, or predecessors, have paid taxes on the 1200 acres, in fee, since 1872, but that taxes on coal and minerals under the residue of the 1800 acres, as aforesaid, were not assessed to, or paid by, any of plaintiffs' predecessors, until 1895 and thereafter, setting out the further allegation that same was not forfeited to the state, since the properties under which said coal and minerals are located were, during all of said period, taxed in fee to the Groses and their successors. The bill then alleges that almost immediately after the deed to Robson, the Groses began disposing of said residue of 600 acres, in fee, by mesne conveyances, covering a period of about twelve years —1873 to 1886—wholly disregarding their said sale of 100 acres or more of the coal and minerals thereunder by said deed of 1872 to Robson. After setting out the sundry conveyances under which the plaintiffs and the defendants hold, respectively, and the fact that neither Jefferson and John A. Grose, nor any of their grantees have ever set off the said 200-acre reservation of coal and minerals, together with divers and sundry other kindred allegations, the bill ends with a prayer (1) that the deed of 1872 be construed; (2) that the mining rights and privileges underlying the reserved land may be ascertained and decreed to plaintiffs; (3) that the reservation in the deed of 1872 be laid off; (4) that title of plaintiffs may be quieted as to minerals conveyed in said deed

and subsequent deeds; (5) that subsequent deeds of the Groses and those holding under them may be set aside and held for naught; (6) that rights of the parties be definitely fixed and determined and proper decrees entered; and (7) for general relief.

Want of equity was the manifest reason for circuit court's sustaining of the demurrer to the bill. It was admitted in argument on the hearing that the court below took the view that the bill was primarily one to remove cloud from title. At the time of the institution of this suit the plaintiff had no actual possession of any part of the minerals of the 600 acres, no *pedis possessio,* no actual foot hold thereon. The bill does allege "constructive" possession. But such possession does not confer jurisdiction in equity to remove cloud from title. *Mackey* v. *Maxim,* 63 W. Va. 14. To a person claiming good title, but not in actual occupation of the land, the law gives ejectment as the remedy against any other person out of possession and claiming title to the same land, or interest therein. Code, Chap. 90, §5; *Postlewaite* v. *Wise,* 17 W. Va. 1. Want of jurisdiction in equity, because of the adequacy of the legal remedy, in seeking removal of cloud from title, by one out of possession, is settled law in this state. *Hyman* v. *Swint,* 94 W. Va. 627; *Moore* v. *McNutt,* 41 W. Va. 695; *Clayton* v. *Barr,* 34 W. Va. 370. The plaintiff relies on other grounds for equity jurisdiction, invoking the rule that where equity takes jurisdiction for one purpose it will decide all questions arising therein. While partition is asked, this relief is not stressed in brief of counsel, and under the facts alleged we are clearly of opinion that such a relationship does not exist between the parties as to give the court jurisdiction under the principles of equity governing partition of real estate. Code, Chap. 79, §1; *Carberry* v. *Railroad Co.,* 44 W. Va. 260; *Woodrum* v. *Price,* 100 W. Va. 639; *Smith* v. *Vineyard,* 58 W. Va. 98. However, reliance is had on the proposition that equity has jurisdiction to construe the deed of 1872. True, equity has jurisdiction to reform a deed. But this is not the case here. Although contending that the reservation of 200 acres was uncertain, the bill alleges that it was "capable of being made certain". It is not void for uncer-

tainty where the deed provides sufficiently certain means of identification of the reservation. *Goff* v. *Goff*, 78 W. Va. 425. A question concerning real property, depending upon the construction of a deed, is a proper subject for a court of law. *Poage* v. *Bell*, 3 Rand. 586. Whether such instrument has the effect to pass title is a question of law for the court. *Pardee* v. *Johnson*, 70 W. Va. 347. Though extrinsic evidence is admissible to identify granted premises, and to apply the grant to its proper subject matter, this is not a question of construction, but of location, to be determined by the jury by the aid of such extrinsic evidence. *Nelson Fuel Co.* v. *McClung*, 102 W. Va. 1; *Adams* v. *Tilley*, 87 W. Va. 332; *Bank* v. *Catzen*, 63 W. Va. 535; *New River Mineral Co.* v. *Painter*, 100 Va. 507; *Baker* v. *Seekright*, 1 Hen. & M. 117.

Perceiving no ground upon which a court of equity could assume jurisdiction in this cause, we affirm the ruling of the circuit court.

*Affirmed.*