ANDREW LEWIS RIFFE *v.* M. LEVY *et al.*

(No. 7836)

Submitted October 23, 1934. Decided November 13, 1934.

W. F. *Boggess,* for appellant.
O. B. *Bobbitt* and *Edgar Moses,* for appellees.

WOODS, PRESIDENT:

This suit was instituted in Monroe county, in 1933, by Andrew Lewis Riffe, 2d, a remainderman in certain real estate situate in Monroe and Kanawha counties, against M. Levy, original purchaser, and A. L. Russell, present holder, under a decree of sale pronounced by the circuit court of Kanawha county in the cause of Andrew Lewis Riffe, Jr., the life tenant, and his wife, against Juanita Alderson Riffe and the plaintiff herein, for the purpose of having certain decrees in the latter proceeding, as well as the deeds executed in conformity therewith, set aside as void in so far as they affect said remainder. M. Levy demurred to the bill. The demurrer was sustained and the bill dismissed. Plaintiff appeals.

A. L. Riffe, Sr., a citizen of Virginia, living in Roanoke, died testate in 1908. The 9th paragraph of his will, dated July 27, 1906, provides:

> "I give to my son Andrew Lewis Riffe, Jr., my store house and lot at Alderson (Monroe county), West Va., known as the M. Levey property, and the 5 lots at Kanawha City (Kanawha county), W. Va., to have and to hold all the days of his life, and at his death this property shall be property of his bodily heirs. I appoint my wife Helen B. Riffe to be my administratrix and she shall not be required to give bond. And

at the death of my wife Helen. B. Riffe, there shall be a trustee appointed for the heirs of my son Andrew Lewis Riffe."

At the time of the death of the testator the life tenant had one child, Jaunita Alderson Riffe, born February 18, 1906. Two children were born to him thereafter, namely, Andrew Lewis Riffe, 2d, December 5, 1911, and Hamilton Seaton Riffe, March 14, 1918. The latter died October 12, 1918.

The bill in the Kanawha County suit (1920) avers that the life tenant, Andrew Lewis Riffe, Jr., as the sole heir of Hamilton Seaton Riffe, deceased, is a tenant in common with the two living remaindermen, Juanita Alderson Riffe and Andrew Lewis Riffe, 2d, and entitled to partition in kind, or sale, of the remainder; that the property should be sold, inasmuch as the same is not susceptible of partition; that a sale will be to the best interests of all the parties; that M. Levy has offered $2,500 cash for the store building in Alderson and $500 cash for the lots in Kanawha City; that the store building is quite dilapidated and that practically all the rent derived therefrom has to be expended for repairs, taxes and insurance; and that the lots in Kanawha City are vacant; that an acceptance of Levy's offer will be to the interest of all parties. The prayer is that the real estate be divided among those entitled thereto, and if not, then that it be sold and proceeds divided according to the interests of the parties; that, upon sale, plaintiff be paid his share of the proceeds as life tenant and as heir of the deceased remainderman; and that such further order be entered as may be proper for protection of interests of the two remaining infant remaindermen. The foregoing pleading was duly verified by oath of the plaintiff.

A guardian *ad litem* was appointed for the two infants, and depositions were taken to the effect that property was not subject to partition and that sale would be to the advantage of all parties interested.

The order directing sale was entered, as shown on its face, by virtue of the court's finding that "it is clearly

shown by the pleadings and proof that the interests of all persons having any vested, contingent or expectant estates or interests in the real estate in said bill described, will be promoted by the sale of said real estate." No mention is made therein as to whether or not the property was susceptible of partition. The property was sold under the last-mentioned order, at private sale, to M. Levy, for $3,000 cash. In the order confirming sale and directing execution of deeds, the court directed the special commissioner, after paying costs of the suit, approximating $110.00, to pay $1,274.10 to the life tenant, as his life expectancy in the properties. This latter order makes no mention concerning disposition of the remainder, which, so far as the present record discloses, is still in the hands of the special commissioner, subject to the court's order. Nor is there anything in any of such orders indicating that the circuit court of Kanawha ever judicially determined the nature of the remainder—whether vested or contingent.

The bill in the instant case attacks the jurisdiction of the circuit court of Kanawha county on the theory that the suit before it was one for partition only. Should it be so construed, the position is well taken. *Woodrum* v. *Price,* 100 W. Va. 639, 131 S. E. 550; *Irvin* v. *Stover,* 67 W. Va. 356, 67 S. E. 1119.

But was the court's jurisdiction in fact dependent upon partition? By virtue of Code Supp. 1918, chapter 71, section 24b (1), *et seq.,* the "circuit court of the county in which the property, or any part thereof, are situate," is authorized to make sale, in such manner and on such terms, as may be deemed beneficial to all persons interested, of any real or personal property subject to future interests, where it is clearly shown by the pleadings and proof that the interest of the persons filing the bill will be promoted by a sale of the property, and the court shall be of opinion that the interests of no other persons in the property will be materially injured or prejudiced thereby. The constitutionality of the act was upheld in the case of *Geary* v. *Butts,* 84 W. Va. 348, 99 S. E. 492, on the ground that it—section 24b (11)—provided for the sub-

stitution of the proceeds of the sale or lease for the land, giving to all persons the .same estates or interests in such proceeds as they had or would have had in the land itself. In that case it was held that a guardian *ad litem*, by his consent, could bind infants, and that unborn children of the same class are sufficiently represented by such guardian *ad litem*.

Section 24b (6) of the chapter aforesaid provides: "The bill shall describe the land * * * to be sold or leased with reasonable certainty, and set forth the names of all persons interested in said property, together with their respective estates or interests, whether vested, contingent or expectant, so far as is known by the plaintiff, and the facts which, in the opinion of the plaintiff, would justify the sale or lease. And the bill shall be verified by the oath of the plaintiff or one of the plaintiffs."

The bill filed in the Kanawha county suit substantially met the requirements of the statute. And, in view of the proceedings had and orders entered in that suit, it is apparent that the court considered the bill as one drawn under Code 1918, chapter 71, section 24b (1), *et seq.*, for the purpose of effecting a sale of the property therein described, rather than as a bill for partition. The cash representing the remainder is still undisturbed. We are therefore of the opinion that the circuit court of Kanawha county had jurisdiction of the proceedings before it.

The plaintiff in the instant case also would have the circuit court of Monroe county construe the quoted paragraph of the will as creating a contingent remainder, vesting upon the death of the life tenant. This is a matter for the circuit court of Kanawha county, since it still controls the money representing the remainder.

For the foregoing reasons, the decree of the circuit court of Monroe county must be affirmed.

*Affirmed.*