696 S.E.2d 304

**Barbara K. MOTT, Plaintiff Below, Appellee**

v.

**Frank P. KIRBY, Sr., Limited Liability Company, Kenny Kirby, and Frank P. Kirby, Jr., Defendants Below, Appellants.**

No. 34947.

Supreme Court of Appeals of West Virginia.

Submitted March 9, 2010.

Decided June 15, 2010.

Scott K. Sheets, Esq., Huddleston Bolen, LLP, Huntington, WV, for Appellants.

Paul E. Biser, Esq., Fredeking & Fredeking Law Offices, LC, Huntington, WV, for Appellee.

PER CURIAM:

The appellants, Frank P. Kirby, Sr., Limited Liability Company (hereinafter "LLC"), Kenny Kirby, and Frank P. Kirby, Jr., appeal the June 11, 2007, final order of the Circuit Court of Cabell County that ordered the partition of real property owned by the Frank P. Kirby, Sr., LLC among the company's members Kenny Kirby, Frank P. Kirby, Jr. and Barbara Mott, the appellee herein.[1] Because this Court finds that the circuit court applied the wrong statute to the proceedings below, we reverse and remand for proceedings consistent with this opinion.

## I.

## FACTS

The essential facts are as follows. Appellants Kenny Kirby and Frank P. Kirby, Jr. and Appellee Barbara K. Mott are siblings and sole members of Appellant Frank P. Kirby, Sr., LLC. The limited liability company was created to control and distribute property that the parties inherited from their father, Frank P. Kirby, Sr. The assets of the company appear to primarily consist of cash and real property.

---

1. By order dated October 31, 2008, the circuit court denied the appellants' Motion to Alter or Amend Judgment and/or for Relief from Judgment or Order.

The real property, which is the subject of this case, is a tract of land of approximately 200 acres located in Cabell County. In 1999, the parties decided to begin the process of dividing the assets of the limited liability company among its members. Specifically, the minutes of the August 6, 1999, meeting of the parties indicate that a motion was passed "that we divide the property equally amongst us, divide the assets of the corporation, that we work on submitting proposals at the next meetings on how to do that and proceed with that until we can come up with an acceptable plan."

For several years, the parties worked on a way to equitably divide the property.[2] In 2005, Barbara Mott filed a civil action against the appellants in the Circuit Court of Cabell County seeking conveyance of a portion of the real property owned by the limited liability company. In her October 19, 2005, amended complaint, Ms. Mott alleged that the appellants wrongly refused to convey to her a portion of the real property pursuant to an agreement between the parties. She further alleged that the appellants had wrongly refused to provide her with an accounting of all of the limited liability company's assets pursuant to the company's operating agreement. Finally, Ms. Mott sought equitable partition of the real property pursuant to W. Va.Code §§ 37–4–1, *et seq.*

The circuit court conducted a bench trial on the action in April 2007. The primary issue at trial was whether an agreement existed among the parties to divide the real property, and the bulk of the evidence adduced was for the purpose of either proving or disproving the existence of such an agreement. The circuit court made its ruling in a two-page, conclusory order entered on June 11, 2007. Specifically, the court ordered that the property be partitioned along the lines of a survey dated January 23, 2003, with no restrictions to be placed upon the land. Further, the court directed that partition between the plots of Frank P. Kirby, Jr. and Kenny Kirby was to be done within sixty days, again with no restrictions to be placed upon the land. Finally, pertinent to our

decision herein is the circuit court's finding that "[t]his court has jurisdiction of this matter, in accordance with West Virginia Code § 37–4–1, because the parties to the lawsuit are stockholders of the closely-held corporation Frank P. Kirby[,] Sr.[,] Limited Liability Company." The appellants now appeal the circuit court's order.

## II.

### STANDARD OF REVIEW

As noted above, the circuit court ruled on the instant matter following a bench trial. When reviewing a circuit court's ruling following a bench trial, this Court adheres to the following standard of review:

In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syllabus Point 1, *Public Citizen, Inc. v. First Nat. Bank*, 198 W.Va. 329, 480 S.E.2d 538 (1996). Guided by these standards, we now proceed to review the ruling before us.

## III.

### DISCUSSION

In their first assignment of error, the appellants assert that the circuit court erred in applying the partition statute, W. Va.Code § 37–4–1 (2003), to the facts of this case. We agree. As noted above, the circuit court, in its final order, found that "[t]his court has jurisdiction of this matter, in accordance with West Virginia Code § 37–4–1, because the parties to the lawsuit are stockholders of the closely-held corporation Frank P. Kirby[,] Sr.[,] Limited Liability Company." According to W. Va.Code § 37–4–1, in pertinent part,

Tenants in common, joint tenants and coparceners of real property, including

---

**2.** In 2002, David Kirby, a sibling of the parties and an original member of the limited liability company, was conveyed a portion of the subject property and dissociated from the company.

minerals, lessees of mineral rights other than lessees of oil and gas minerals and stockholders of a closely held corporation when there are no more than five stockholders and the only substantial asset of the corporation is real estate, shall be compelled to make partition, and the circuit court of the county wherein the land or estate, or any part thereof, may be, has jurisdiction, in cases of partition, and in the exercise of that jurisdiction, may take cognizance of all questions of law affecting the legal title, that may arise in any proceedings.

With regard to this code section, this Court held in Syllabus Point 1 of *Woodrum v. Price,* 100 W.Va. 639, 131 S.E. 550 (1926), that

> Under [W. Va.Code § 37–4–1 (2003) ],[3] the test of jurisdiction in a partition suit is the relationship of the parties to the land sought to be partitioned. If it appears that one of the forms of cotenancy in such land exists between the parties as is mentioned in the statute, the court has jurisdiction. (Footnote added.)

Therefore, based on our law, the parties seeking partition of real property must possess one of the forms of cotenancy or co-ownership indicated in W. Va.Code § 37–4–1 before a circuit court has jurisdiction to partition the subject property.

West Virginia Code § 37–4–1 expressly sets forth five forms of co-tenancy or co-ownership of which a circuit court has jurisdiction to partition property. These are tenants in common, joint tenants and coparceners of real property, including minerals, lessees of mineral rights other than lessees of oil and gas minerals, and stockholders of a closely held corporation when there are no more than five stockholders and the only substantial asset of the corporation is real estate. In finding that it had jurisdiction to

partition the subject property pursuant to W. Va.Code § 37–4–1, the circuit court incorrectly found that the parties are stockholders of a closely-held corporation.

■■■ A limited liability company of the kind involved in this case is not the same as a closely-held corporation. Rather, a limited liability company and a closely-held corporation[4] are two legally distinct entities. West Virginia Code §§ 31B–1–101 *et seq.,* which is known as the Uniform Limited Liability Company Act, controls the formation, operation, and termination of limited liability companies. According to W. Va.Code § 31B–5–501(a) (1996), "[a] member [of a limited liability company] is not a co-owner of, and has no transferable interest in, property of a limited liability company[.]" Instead, a member of a limited liability company has a distributional interest in the company which is defined as "all of a member's interest in distributions by the limited liability company." W. Va.Code § 31B–1–101(8) (2003). The stockholder of a corporation, in contrast, is actually a co-owner of the corporation in which his or her ownership is represented by the number of shares of the corporation that he or she possesses. *See Black's Law Dictionary* (9th ed.) p. 391 (defining a corporation, in part, as "[a]n entity (usu. a business) having authority under law to act as a single person distinct from the *shareholders who own it* ..." (emphasis added)). Thus, a stockholder of a closely-held corporation possesses an ownership interest in the corporation, while a member of a limited liability company possesses no ownership interest in the limited liability company.

As a result of the fact that a limited liability company is not the same as a closely-held corporation, the circuit court erred in exercising jurisdiction below based its on its finding that the parties herein are stockholders of a closely-held corporation. Further, mem-

---

**3.** Syllabus Point 1 of *Woodrum* originally referred to Section 1, Chapter 79 of the Code which provided:

> Tenants in common, joint tenants and coparceners, shall be compellable to make partition, and the circuit court of the county wherein the estate, or any part thereof, may be, shall have jurisdiction, in cases of partition, and in the exercise of such jurisdiction, may take cogni-

zance of all questions of law affecting the legal title, that may arise in any proceedings.

**4.** According to *Black's Law Dictionary* (9th ed.) at p. 391, a closely-held corporation is "[a] corporation whose stock is not freely traded and is held by only a few shareholders (often within the same family)."

bers of a limited liability company are not listed in W. Va.Code § 37–4–1 as co-owners of whom a circuit court has jurisdiction in a partition suit. Finally, members of limited liability companies are not included within the other forms of co-ownership provided in W. Va.Code § 37–4–1 of which a circuit court has jurisdiction under that statute.[5] Therefore, we find that the circuit court below did not have jurisdiction to partition the subject property among the parties herein pursuant to W. Va.Code § 37–4–1. Accordingly, the circuit court's exercise of jurisdiction in this action constitutes reversible error.

Ms. Mott presents this Court with several arguments in support of the circuit court's ruling. First, Ms. Mott asserts that in an August 6, 1999, meeting, the members of the Frank P. Kirby, Sr., LLC, dissolved the company, and thereafter the members possessed individual interests in the company's assets. We find no merit to this argument. The minutes of the August 6, 1999, meeting indicate only that the members passed a motion "that we divide the property up equally amongst us, divide the assets of the corporation, that we work on submitting proposals at the next meetings on how to do that and proceed with that until we can come up with an acceptable plan." This statement clearly is insufficient to evince an intent to immediately dissolve the limited liability company. Also, the evidence indicates that the members continued to operate the Frank P. Kirby, Sr. LLC as a limited liability company after August 6, 1999. In addition, the parties were never effective in winding up the business of the company pursuant to W. Va.Code § 31B–8–801 et seq. Finally, there is no evidence that the parties terminated the existence of the limited liability company by filing articles of termination pursuant to W.

Va.Code § 31B–8–805 (1996).[6] For these reasons, we reject Ms. Mott's argument that the limited liability company was dissolved on August 6, 1999.

Second, Ms. Mott contends that if the circuit court had applied W. Va.Code §§ 31B–7–701 et seq., concerning a member's dissociation from a limited liability company when business is not wound up, instead of W. Va.Code § 37–4–1, the outcome below would have been the same so that any error in the circuit court's ruling is harmless. We disagree. West Virginia Code § 31B–7–701(e) (1996), provides that when a member dissociates from a limited liability company "the court shall determine the fair value of the distributional interest in accordance with the standards set forth in section 7–702 [§ 31B–7–702] together with the terms for the purchase. Upon making these determinations, the court shall order the limited liability company to purchase or cause the purchase of the interest." According to W. Va.Code § 31B–7–702(a) (1996), in part:

(a) In an action brought to determine the fair value of a distributional interest in a limited liability company, the court shall:

(1) Determine the fair value of the interest, considering among other relevant evidence the going concern value of the company, any agreement among some or all of the members fixing the price or specifying a formula for determining value of distributional interests for any purpose, the recommendations of any appraiser appointed by the court, and any legal constraints on the company's ability to purchase the interest[.]

In the instant case, the parties presented no evidence of the fair value of Ms. Mott's distributional interest in the limited liability

---

5. As noted above, the sole basis for the circuit court's jurisdiction of this case pursuant to W. Va.Code § 37–4–1 was the court's finding that the parties are stockholders in a closely-held corporation. It is not claimed that the parties possess any other type of co-ownership under the statute such as tenants in common, joint tenants and coparceners of real property, or lessees of mineral rights other than lessees of oil and gas minerals.

6. According to W. Va.Code § 31B–8–805:

(a) At any time after dissolution and winding up, a limited liability company may terminate its existence by filing with the Secretary of State articles of termination stating:
(1) The name of the company;
(2) The date of the dissolution; and
(3) That the company's business has been wound up and the legal existence of the company has been terminated.
(b) The existence of a limited liability company is terminated upon the filing of the articles of termination, or upon a later effective date, if specified in the articles of termination.

company, and the circuit court made no findings on fair value. According to the parties, the company's assets include not only the subject real property but also cash and debt owed to the company by its members. However, the circuit court's order provided only for the division of the real property owned by the company and did not consider the value of the company's other assets. Upon determination of Ms. Mott's distributional interest in the limited liability company, the circuit court may then order the company to purchase or cause the purchase of Ms. Mott's interest.

Ms. Mott, in her final argument in support of the circuit court's order, avers that the only issue before the court below was the partition of the real property and that this matter was settled by an enforceable oral and written agreement. Ms. Mott's argument is not persuasive. First, as determined above, the circuit court did not have jurisdiction pursuant to W. Va.Code § 37–4–1 to enforce an agreement pertaining to the partition of real property. Also, the issue before the circuit court was not the partition of real property but rather Ms. Mott's dissociation from the limited liability company An enforceable agreement governing her dissociation must include an agreement as to the value of her distributional interest in the company as a whole and not just her interest in real property owned by the company. Therefore, in light of the above, this Court finds that Ms. Mott's arguments in support of the circuit court's ruling must fail.[7]

In sum, this Court finds that the circuit court committed reversible legal error by applying the wrong statute to the proceedings below. On remand, Ms. Mott's action to dissociate herself from membership in the Frank P. Kirby, Sr., LLC must be conducted in accord with W. Va.Code § 31B–7–701 *et seq.* concerning a member's dissociation from a limited liability company when business is not wound up.[8]

## IV.

## CONCLUSION

For the reasons set forth above, the June 11, 2007, final order of the Circuit Court of Cabell County is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.

---

7. The appellants present several other assignments of error in their brief to this Court. However, because we reverse the circuit court's order on the basis that the circuit court applied the incorrect statute, we find it unnecessary to address these other assignments of error.

8. We note that the circuit court's order contains insufficient findings of fact and conclusions of law to permit meaningful appellate review. According to Rule 52(a) of the West Virginia Rules of Civil Procedure, in relevant part, "[i]n all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon[.]" This Court has determined the meaning and effect of Rule 52(a) as follows:

> Rule 52(a) [of the West Virginia Rules of Civil Procedure] mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the

trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance.

Syllabus Point 1, *Com. Tire Co. v. Tri–State Tire Co.*, 156 W.Va. 351, 193 S.E.2d 544 (1972). When we measure the circuit court's order against the standard established in Rule 52(a), we find that the order contains insufficient findings and must be remanded for that reason also. For example, the circuit court found "ample evidence ... that there were discussions that all parties wished to divide the property, and had agreed that it was divisible and they would each take a share[,]" but failed to state exactly what this evidence consists of. *It is not the role of this Court to dig through court records in search of evidence to support the circuit court's ruling.* Therefore, even if this Court had not found reversible error in the circuit court's final order, we would have found it necessary to remand this case for the circuit court to comply with Rule 52(a).